██ In the Matter of ANGEL R. COLON, Petitioner, v DENNIS C. VACCO, as Attorney-General of State of New York, et al., Respondents. [662 NYS2d 963] —Petition unanimously dismissed without costs. Memorandum: In this original CPLR article 78 proceeding, petitioner seeks judgment prohibiting respondent Assistant Attorney-General Diane M. LaVallee from assisting respondent Wyoming County District Attorney Gerald L. Stout in the investigation and prosecution of Wyoming County indictment No. 4071, charging petitioner with murder in the first degree. At the request of Stout and with the approval of respondent Attorney-General Dennis C. Vacco, LaVallee was retained as special counsel to assist in the trial of the indictment, subject to court approval. Pursuant to County Law § 703, respondent Wyoming County Court Judge Mark H. Dadd issued an order approving the appointment of LaVallee as Special Assistant District Attorney.

At the outset, we reject respondents' challenges to this Court's subject matter jurisdiction. Contrary to the contention of Vacco and LaVallee, Judge Dadd was properly named as a respondent in the instant proceeding (*see, Matter of Haggerty v*

*Himelein*, 221 AD2d 138, 143-144, *revd on other grounds* 89 NY2d 431). Further, Stout waived his objection to the sufficiency of the verification of the petition by failing to give "notice with due diligence to the attorney of the adverse party that he elect[ed]" to treat the petition as a nullity (CPLR 3022; *see, Matter of O'Neil v Kasler*, 53 AD2d 310, 315). In any event, we conclude that the petition was properly verified (*see*, CPLR 3020 [d] [3]; 3021).

Turning to the merits, we reject petitioner's contention that, absent an Executive Order issued by the Governor pursuant to Executive Law § 63-d (1), the Attorney-General and his staff are without jurisdiction to assist in the prosecution of any criminal case in which the defendant may be subject to the death penalty. Section 63-d (1) provides that the Attorney-General shall provide assistance in death penalty cases "whenever required by the governor or his designee" upon a proper request of the governor by a District Attorney. The statute merely requires the Attorney-General to exercise his prosecutorial authority under certain circumstances in death penalty cases; it does not place jurisdictional limits on that authority. Nothing in Executive Law § 63-d prohibits the Attorney-General from providing the services of an Assistant Attorney-General to aid in the prosecution of a death penalty case or presents "any jurisdictional bar to the appointment of a member of the Attorney-General's staff as an Assistant District Attorney to perform prosecutorial duties under the direction of the District Attorney" (*Matter of Haggerty v Himelein, supra*, 89 NY2d, at 437).

Thus, because petitioner has failed to establish that respondents have acted or threatened to act without or in excess of jurisdiction (*see*, CPLR 7803 [2]), the petition is dismissed (*see, Matter of Haggerty v Himelein, supra*, 89 NY2d, at 437). (Original Proceeding Pursuant to CPLR art 78.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.