*218 OPINION OF THE COURT
Rolando T. Acosta, J.
The court previously granted, on June 29, 1999, respondent’s motion for an order permitting respondent to reargue its prior motion to dismiss the petition. The court now sets forth its reasons for denying the motion to dismiss and adhering to its prior order dated May 18, 1999.*
Respondent’s motion raises a discrete question of law for the court regarding the verification requirement of RPAPL 741: whether CPLR 3022, which provides that an objection to a defectively verified pleading is waived unless the objecting party objects with due diligence, applies to petitions in proceedings commenced pursuant to the RPAPL, where verification is mandatory.
BACKGROUND AND CONTENTIONS OF THE PARTIES
Petitioner served a notice of petition and an unverified petition upon respondent on March 25, 1999. On March 30, 1999, respondent served a verified answer which did not expressly object to the lack of verification of the petition. Instead, respondent’s answer alleged, as an affirmative defense, that the “[p] etition fails to state a cause of action.”
On April 23, 1999 (after petitioner moved for summary judgment), respondent cross-moved to dismiss the petition on the ground that the petition was unverified. This was the first time that respondent had expressly objected to the nonverification of the petition. In its cross motion to dismiss on this ground, respondent argues that since RPAPL 741 mandates verification of petitions in summary proceedings, the failure to annex the verification deprives the court of subject matter jurisdiction of the proceeding. Further, this alleged jurisdictional defect may not be waived by failing to object to the nonverification with due diligence, according to respondent, since CPLR 3022, which otherwise requires a due diligence objection to nonverification, does not apply to summary proceedings brought under RPAPL 741. Finally, respondent contends that even if the waiver provision did apply to this proceeding, respondent did not waive its objection to the non verification because respondent alleged in its answer that, “[t]he Petition fails to state a cause of action.”
*219 Petitioner, in response to the cross motion and the motion to reargue, claims that the petition had in fact been verified, but, according to petitioner’s counsel, counsel simply neglected to annex the signed verification sheet to the petition that was served. The verification was subsequently provided to respondent at oral argument.
Further, on the merits, petitioner argues that even if the petition were unverified, such a defect would be inconsequential and certainly would not warrant dismissal since respondent admittedly failed to object to the nonverification with due diligence, that is, not until 29 days after the petition was served. Under these circumstances, according to petitioner, respondent waived any objection to the nonverification, a nonjurisdictional defect, under CPLR 3022.
DISCUSSION
Verification of pleadings is required only under certain circumstances in the Civil Practice Law and Rules (see, CPLR 3020 et seq.). CPLR 3022 sets forth the “[rjemedy for [a] defective verification” where a pleading must be verified. That rule provides, in pertinent part, that: “A defectively verified pleading shall be treated as an unverified pleading. Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do.” (CPLR 3022.) The foregoing remedy, together with the accompanying due diligence requirement, is clearly designed to produce among the parties in litigation a certain degree of certitude regarding the viability of their pleadings. Further, the waiver provision of CPLR 3022 — that is, the provision which effectively excuses a defectively verified pleading — is “entirely appropriate in view of the technical nature of the objection and the remote prospect that the defective verification will operate to prejudice the recipient.” (5 Weinstein-Korn-Miller, NY Civ Prac 3022.03.)
Here, respondent principally argues that the waiver provision of CPLR 3022 does not apply in this proceeding because, according to respondent, this court does not have subject matter jurisdiction over nonverified petitions. Specifically, respondent contends that since RPAPL 741, which provides that petitions “shall” be verified, mandates the verification of petitions in summary proceedings, that essential requirement cannot be waived by operation of CPLR 3022. Respondent distinguishes *220 proceedings commenced pursuant to RPAPL 741 from plenary actions where, for the most part, pleadings need not be verified. According to respondent, CPLR 3022 applies to the latter but not the former.
Respondent relies, in support of its argument, upon Spring Cr. Assocs. v Thomas (NYLJ, Apr. 13, 1994, at 25, cols 1, 2 [Civ Ct, Kings County]), in which Civil Court expressly held that the waiver provision of CPLR 3022 “is obviated and superseded * * * by RPAPL 741’s requirement that petitions ‘shall,’ rather than ‘may’ be verified.” Respondent also relies upon an unreported case which holds that Civil Court does not have “jurisdiction” over unverified or defectively verified petitions.
The court disagrees with respondent’s contention and with the holdings of the cases upon which respondent relies in support thereof. Those cases were wrongly decided.
First, the plain language of CPLR 3022 indicates that it was intended to embrace proceedings commenced pursuant to RPAPL 741, and other proceedings which mandate, rather than permit, verification of pleadings. Indeed, the statutory language of CPLR 3022 limits its own applicability to precisely those “case[s] where the adverse party is entitled to a verified pleading” — i.e., those cases which mandate verification (emphasis added).
After all, a party is “entitled to a verified pleading” only when it can be said that a verified pleading is required or mandated. In fact, it is only in those cases requiring a verified pleading that the adverse party “may treat [the nonverified pleading] as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do.” (CPLR 3022.) CPLR 3022 exists, in other words, to provide a remedy, albeit one which must be speedily sought, in those situations where a verified pleading was required but not served.
Further, although not addressing the specific issue raised by respondent here, courts in other contexts have quite regularly applied the waiver provision and the due diligence requirement of CPLR 3022 to proceedings in which verification was mandatory. (See, Matter of Giambra v Commissioner of Motor Vehicles, 46 NY2d 743, 745 [1978] [CPLR 3022 applies to verification of CPLR article 78 petition, even though verification of such petition is mandatory]; Matter of Colon v Vacco, 242 AD2d 973 [4th Dept 1997] [same]; Matter of O'Neil v Kasler, 53 AD2d 310 [4th Dept 1976] [due diligence requirement of CPLR 3022 applies to both actions and special proceedings].)
*221 Aside from its cite to Spring Cr. (supra), respondent has failed to set forth any persuasive reason at all why this court should ignore the straight-forward language of CPLR 3022 regarding the scope of its application. Thus, notwithstanding respondent’s contentions to the contrary, the court holds that CPLR 3022 applies to proceedings commenced pursuant to RPAPL 741, such as the proceeding here. This holding is consistent with CCA 908, which provides that “[verification of pleadings shall be governed by the CPLR.” To the extent that Spring Cr. Assocs. v Thomas (supra) holds otherwise, this court declines to follow that decision.
Nor is respondent correct regarding the effect of nonverification on this court’s jurisdiction. It is by now well settled that the failure to verify or properly verify a petition, even in a summary proceeding commenced pursuant to RPAPL 741, does not deprive the court of subject matter jurisdiction and may not otherwise be deemed a “jurisdictional defect.” (Hablin Realty Corp. v McCain, 123 Misc 2d 777, 778 [App Term, 1st Dept 1984]; Phillips v Mason, NYLJ, June 29, 1982, at 5, col 1 [App Term, 1st Dept]; Jackson v New York City Hous. Auth., 88 Misc 2d 121, 122 [App Term, 1st Dept 1976]; cf., Matter of Miller v Board of Assessors, 91 NY2d 82, 86 [1997] [“The lack of a proper verification on a tax certiorari petition is not a jurisdictional defect”].) This court’s subject matter jurisdiction over commercial landlord-tenant proceedings is simply not affected by the parties’ failure to properly verify a petition.
Verification of a petition is “after all * * * merely part of a pleading” (Phillips v Mason, supra), which “shall be liberally construed.” (CPLR 3026.) Further, “[d]efects [in pleadings] shall be ignored if a substantial right of a party is not prejudiced.” (CPLR 3026.) Thus, where a party submits a defectively verified pleading, “courts should disregard minor defects or permit ample opportunity to the parties to correct deviations from the prescribed form * * * [since] [i] regularities in the verification will rarely result in prejudice to a party or affect the substance of the litigation.” (5 Weinstein-Korn-Miller, NY Civ Prac 3022.04; see, Matter of Lamb v Meisser, 13 NY2d 874 [1963] [failure to serve copy of verification required by Election Law is not a substantial defect].)
Here, respondent did not object to the nonverified petition when it submitted an answer five days after being served with the petition. Indeed, it was not until 29 days after being served that respondent raised a specific objection to the nonverification. Under these circumstances, the court finds that respon *222 dent failed to exercise due diligence in objecting to the nonveri-fication and thus could not properly treat the petition as a nullity. Any objection which respondent may have had was effectively waived.
Further, even if the court were to find that the defect were not waived, the court would grant petitioner leave to amend (CPLR 3025), particularly given petitioner’s claim that the petition had in fact been verified, but, according to petitioner’s counsel, counsel simply neglected to annex the signed verification sheet, containing a conforming date, to the petition that was served. Indeed, the verification was subsequently provided to respondent at oral argument.
Finally, respondent’s claim that it did in fact object to the nonverification when it alleged in its answer, served five days after service of the petition, that the “[p]etition fails to state a cause of action,” is simply unavailing. Preliminarily, the court need not address the question of whether a five-day delay in objecting suffices to meet the due diligence requirement under CPLR 3022 since respondent’s nonspecific, fails-to-state-a-cause-of-action allegation was woefully inadequate to apprise petitioner of the defect of which respondent now complains. When a party objects to the verification of a petition, or the lack thereof, the notice of the objection “must state the defects relied upon specifically * * * so [that] the party whose pleading is [rejected would have] * * * a reasonable opportunity * * * to cure the defect or supply the omission.” Westchester Life v Westchester Mag. Co., 85 NYS2d 34 [Sup Ct, NY County 1948]; see, 5 Weinstein-Korn-Miller, NY Civ Prac 3022.03.) Here, even assuming that the five-day delay overcomes the due diligence requirement, the alleged objection is clearly insufficient.
Accordingly, the court adheres fully to its decision dated May 18, 1999. Respondent’s motions to dismiss are denied.

 For the purpose of decision, the court, in its short order, had consolidated respondent’s two identical motions involving the same parties but two separate commercial leases for office and storage space, respectively.