■ In the Matter of Law Offices of Andrew F. Capoccia, L. L. C., et al., Petitioners, v Elliot Spitzer, as Attorney General of the State of New York, et al., Respondents. [704 NYS2d 356] —Graffeo, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia*, prohibit respondent Attorney General from prosecuting an action against petitioners pursuant to General Business Law article 22-A.

On November 4, 1999 respondent Attorney General commenced an action against petitioners pursuant to Executive Law § 63 (12) and General Business Law §§ 349 and 350 to enjoin certain activities based on alleged fraudulent, deceptive and illegal business practices in relation to the provision of debt reduction services to financially distressed individuals.[1] Having received prelitigation notices as required by statute, on the same date petitioners commenced a CPLR article 78 proceeding in Supreme Court, New York County, seeking to prohibit the Attorney General from instituting a civil enforcement action. On December 20, 1999 Supreme Court dismissed the proceeding, noting that the Attorney General's civil enforcement action was the "more appropriate forum to litigate the issues between the parties".

By order to show cause and petition filed November 17, 1999 in Albany County, petitioners, by way of this separate CPLR article 78 proceeding in the nature of a writ of prohibition, sought to preclude the Attorney General from prosecuting the action and to prevent the Justices of the Supreme Court, Albany County, from hearing the action.[2] By order of this Court on December 8, 1999, an expedited proceeding was granted but petitioners' motion for a stay of the Attorney General's action was denied.

The gravamen of petitioners' proceeding is that the Attorney General does not have the authority or jurisdiction to regulate the conduct of an attorney regarding advertising and the provision of legal services, contending that this power is specifically reserved to the Appellate Divisions pursuant to Judiciary Law § 90 (2). Hence, petitioners assert that such complaints can only be heard in confidential proceedings initiated by the Committee on Professional Standards.

---

**1.** Petitioners are three limited liability corporations and two individuals, one of whom is an attorney. Petitioners claim that two of the three corporations are engaged in the practice of law and the third corporation provides "non-legal support services" to the other entities. Petitioner Andrew F. Capoccia, an attorney, is president of petitioner Law Offices of Andrew F. Capoccia, L. L. C. and petitioner Andrew F. Capoccia Law Centers, L. L. C., while petitioner Herbert Moskowitz is president of petitioner Debt Reduction Center of Albany, L. L. C. and chief administrator of Andrew F. Capoccia Law Centers, L. L. C.

**2.** Although this proceeding focuses on the authority of the Attorney General, the petition also names the Justices of the Supreme Court, Albany County (where the action was commenced) and seeks to prohibit them from entertaining the action. Because prohibition may run against Supreme Court (*see, Matter of B.T. Prods. v Barr*, 44 NY2d 226, 232), the proceeding was properly commenced in this Court (*see,* CPLR 506 [b] [1]; *Matter of Emmi v Burke*, 236 AD2d 854, 855, *lv dismissed* 90 NY2d 929).

It is well established that a CPLR article 78 proceeding seeking the "extraordinary remedy of prohibition is only available to prevent a judicial or quasi-judicial body or officer from proceeding or threatening to proceed without or in excess of its jurisdiction, and then only if a clear legal right to that relief has been established" (*Matter of Haggerty v Himelein*, 89 NY2d 431, 435; *see, Matter of Pirro v Angiolillo*, 89 NY2d 351, 355-356). Notably, prohibition is not available to control or prevent legislative, executive or ministerial action (*see, Matter of Dondi v Jones*, 40 NY2d 8, 13). Prohibition is further inappropriate where an adequate legal remedy is available (*see, Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786), unless the proponent establishes that irreparable harm will result if the matter is relegated to another path of judicial review (*see, Matter of City of Newburgh v Public Empl. Relations Bd.*, 63 NY2d 793, 795).

Here, the proceeding sounding in prohibition was commenced subsequent to the filing of the Attorney General's civil action. If, as petitioners claim, the Attorney General acted without authority in undertaking such an action against law firms, petitioners clearly may move to dismiss pursuant to CPLR 3211 (a) or seek summary judgment under CPLR 3212 based on their claim that Judiciary Law § 90 (2) provides the exclusive means for addressing deceptive business practices or false advertising by attorneys. We are not persuaded that such a motion and, if necessary, an immediate appeal therefrom (*see*, CPLR 5701 [a]) would not provide petitioners with an adequate remedy (*see, Matter of Rivette v McGrath*, 241 AD2d 717; *Matter of Carney v Feldstein*, 193 AD2d 1016; *Matter of Djavaheri v Axelrod*, 119 AD2d 967; *Matter of Carney v Leary*, 106 AD2d 176).

Petitioners' contention that the continuation of the Attorney General's action will perpetuate harm to their reputation and undermine their effectiveness as advocates for their clients is unavailing in light of the fact that petitioners have provided no support for this speculative and conclusory claim. Inasmuch as petitioners have an adequate remedy at law and there is no demonstrable harm which will occur absent a determination in the context of the instant proceeding, we conclude that utilizing prohibition as a means of securing an expedited ruling regarding the jurisdictional authority of the Attorney General is not warranted upon this record and this proceeding shall therefore be dismissed.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the petition is dismissed, without costs.