*807 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and cross motion by tenants to dismiss the petition denied.
After tenants answered in this nonpayment proceeding, landlord moved to strike tenants’ jury demand, and tenants cross-moved to dismiss. The Housing Court granted tenants’ application and dismissed the petition on the ground that it was verified by a person (landlord’s agent) who lacked standing to verify the petition. This was error because an agent is permitted to verify the petition (RPAPL 741) “if all the material allegations of the pleading are within [his] personal knowledge” (CPLR 3020 [d] [3]). In any event, tenants’ objection to the verification was not timely raised and was waived (CPLR 3022; Matter of Colon v Vacco, 242 AD2d 973, 974; Air N. Y. v Alphonse Hotel Corp., 86 AD2d 932).
In moving to dismiss, tenants also claimed that landlord does not reside within the City, and they argued that dismissal is required because of landlord’s failure to register the subject condominium unit. They noted that section 27-2097 (b) (3) of the Administrative Code of the City of New York requires that an owner of a one- or two-family dwelling who does not reside within the City must register and that section 27-2107 (b) of the Administrative Code provides that an owner who is required to register and who fails to do so “shall be denied the right to recover possession of the premises for nonpayment of rent during the period of noncompliance, and shall, in the discretion of the court, suffer a stay of proceedings to recover rents, during such period.”
In our view, these Administrative Code provisions, which were enacted by a local law of the City of New York (Local Laws, 1967, No. 56 of City of New York § 1), are invalid insofar as they impose restrictions on the right of an owner of a one- or two-family dwelling to maintain a summary proceeding and to recover a judgment for possession and rents owed. The Court of Appeals has held that efforts by local governments to supplement the statutory conditions for maintaining a nonpayment proceeding are “inconsistent with State law and, therefore, violative of the home rule provision in the State Constitution” (Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon, 89 NY2d 735, 743; see, F.T.B. Realty Corp. v Goodman, 300 NY 140; see also, Municipal Home Rule Law § 11 [1] [e]). We note that the Legislature’s recodification of the Administrative Code *808 (L 1985, ch 907, § 1) cannot be “construed as validating, ratifying or conforming any provision [of the Administrative Code] * * * which the city was without authority to enact” (Administrative Code § 1-102; see also, Nielsen v City of New York, 38 AD2d 592, 593).
Tenants’ challenge to service was waived (CPLR 3211 [a] [8]; [e]; Urena v NYNEX, Inc., 223 AD2d 442).
We note that the court, since it dismissed the petition, did not dispose of landlord’s motion to strike the jury demand. We further note that although tenants served two notices of cross motion to dismiss and supporting papers, we have treated the second set of papers as supplementing the first set (cf., CPLR 3211 [e]).
Aronin, J. P., Scholnick and Patterson, JJ., concur.