OPINION OF THE COURT
Gloria Cohen Aronin, J.
Plaintiffs motion in this foreclosure action for a judgment of foreclosure and sale and a confirmation of the Referee’s report dated October 26, 2000, which calculated the balance due in the sum of $241,837.97, with interest, is granted. The cross motion by the Grunfeld defendants to vacate the aforementioned Referee’s report and have this matter referred to a different Referee is denied.
*328 In a memorandum decision dated April 7, 2000 and entered April 12, 2000, plaintiffs motion for summary judgment was granted and the Grunfeld defendants’ (defendants) counterclaims were dismissed. On July 25, 2000, plaintiff noticed for settlement a proposed order which sought to memorialize the memorandum decision and appoint a Referee to compute. Simultaneously, plaintiff prepared an affidavit of good cause explaining why it could not settle the order as required by the memorandum decision within the 60-day period. On August 11, 2000, the order granting summary judgment was signed and the matter was referred to Robert P. Kern, as Referee, “to ascertain and compute the amount due to plaintiff for principal, interest and other disbursements advanced as provided in the note and mortgage which this action brought.” By letter to Mr. Kern, dated September 3, 2000, defendants requested that a trial/hearing be scheduled on the issues set forth in the order of reference, pursuant to CPLR 4318 and 4320.
A letter, dated October 20, 2000, was sent to defendants, which contained a proposed report of the amount due, along with an affidavit in support thereof. The letter advised defendants that they should notify plaintiff if there were any errors in the papers. If plaintiff did not receive a writing within five days of the date of the letter, it indicated that it would proceed on the assumption that defendants agreed with the computation as set forth in the proposed report and letter. According to defendants, on October 24, 2000, they faxed a letter to plaintiff, demanding a hearing and objecting to the plaintiffs October 20th letter and enclosures therein, including the proposed Referee’s report. In the letter, defendants wrote that they wanted a hearing because, inter alia, they did not believe that Citibank would be able to meet its burden of proof with respect to the notification of the interest rate changes and calculations of the interest rate charges. Plaintiff denies that it ever received said fax and there is no transmission record of said fax to plaintiff.
On October 26, 2000, Mr. Kern signed the Referee’s report.
On November 10, 2000, defendants, evidently unaware that Mr. Kern signed the Referee’s report, faxed a letter to plaintiff, indicating that they were interested in expediting the matter and that they wanted a hearing to be scheduled.
Defendants claim that it was not until on or about November 20, 2000, when they received plaintiffs motion for a judgment of foreclosure and sale and a confirmation of the Referee’s report, that they learned that Mr. Kern signed the Referee’s *329 report. On or about December 19, 2000, defendants cross-moved to vacate the aforementioned Referee’s report and have this matter referred to a different Referee. We now grant plaintiffs motion and deny defendants’ cross motion.
Since the defendants failed to timely reply to the plaintiff in response to its October 20, 2000 letter and proposed Referee’s report, they waived their right to a hearing (see, Haque v Pocchia, 186 Misc 2d 806 [2000]). Thus, the Referee’s report need not be vacated on the ground that no hearing was held. In addition, since the issues that the defendants contend need to be resolved at a hearing were previously determined in the plaintiffs motion for summary judgment, defendants cannot argue that they were prejudiced (see, Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147 [1988]; Union Chelsea Natl. Bank v Rumican 190 Corp., 257 AD2d 463 [1st Dept 1999]).