In the Matter of JUDAH DICK, Petitioner, v ANTHONY T. KANE, as Justice of the Supreme Court, Sullivan County, et al., Respondents. [726 NYS2d 180] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Justice of the Supreme Court from enforcing a sanction against petitioner for failure to appear at a scheduled conference.

Petitioner was the attorney of record for the plaintiff in an action pending in Supreme Court in Sullivan County assigned to respondent Justice of the Supreme Court (hereinafter respondent). To move that action toward resolution, respondent

scheduled a preliminary conference for April 12, 2000 and then notified counsel for the respective parties, by letter dated March 2, 2000, that they could stipulate to and submit a proposed scheduling order to avoid having to appear at the conference. There was no communication between counsel and no proposed scheduling order was submitted to respondent. On the date scheduled for the preliminary conference, petitioner failed to appear but respondent Michael Mahon, counsel for the defendant in said action, was present, and respondent directed that he submit a scheduling order directing depositions to be held on June 21, 2000 at the Sullivan County Courthouse.

On the same day, respondent wrote to petitioner requesting that he respond within two weeks with an explanation for his absence at the conference and cautioning him that if he failed to explain his absence, respondent would consider his failure to appear to have been intentional. Petitioner did not respond to respondent's request for an explanation nor did he appear at the scheduled deposition. Petitioner did, however, telephone respondent's chambers on June 21, 2000 and spoke with respondent's secretary requesting that the deposition be rescheduled to a more convenient date. Petitioner was directed to put his request in writing. In his June 22, 2000 letter, petitioner advised respondent that he had been suspended from the practice of law on October 5, 1999 by order of the Second Department. Respondent, on June 30, 2000, *sua sponte*, found petitioner's conduct to be contemptuous and frivolous, and determined that his June 22, 2000 letter was an inadequate explanation for his nonappearance. Accordingly, respondent sanctioned petitioner $1,000 and imposed costs of $300 for failing to appear at the April 12, 2000 preliminary conference.

After motions for reargument and modification were denied, this CPLR article 78 proceeding in the nature of prohibition was commenced. Petitioner's main contention is that because he was suspended from the practice of law at the time that he failed to appear at the preliminary conference and the scheduled deposition, respondent was without authority to impose sanctions for his nonappearance (*see*, 22 NYCRR 130-2.1).

Initially, we must determine whether the remedy of prohibition is available under these circumstances (*see*, *Matter of Rush v Mordue*, 68 NY2d 348, 352). This extraordinary remedy is limited to situations where a petitioner can show that a judicial officer has proceeded without or in excess of its jurisdiction and

that a clear legal right to the writ has been established (*see, Matter of Haggerty v Himelein*, 89 NY2d 431, 435; *Matter of Pirro v Angiolillo*, 89 NY2d 351, 355-356). Prohibition is inappropriate where a petitioner has an adequate legal remedy (*see, Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786), absent a showing of irreparable harm if the petitioner must pursue another avenue of judicial review (*see, Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643, 645, *lv denied* 95 NY2d 755; *accord, Matter of City of Newburgh v Public Empl. Relations Bd.*, 63 NY2d 793, 795). We do not find that to be the case here. Further, consideration of the discretionary factors in prohibition proceedings (*see, Matter of Pirro v Angiolillo, supra*, at 359; *Matter of Rush v Mordue, supra*, at 354) mitigates against application of that remedy in this case, as the record contains petitioner's notice of appeal from respondent's decision and order imposing the challenged sanctions in the underlying civil action and, thus, that avenue of appellate review was and still may be available to petitioner (*see*, 22 NYCRR 800.12).

As the consideration of the issues raised in this prohibition proceeding would provide petitioner with "premature appellate review of issues properly reviewable in the regular appellate process" (*Matter of Rush v Mordue, supra*, at 353), the petition must be dismissed, without prejudice to any appeal that petitioner may pursue from the underlying order.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Adjudged that the petition is dismissed, without costs.