■ In the Matter of JAY ALEXANDER MANOR, INC., Appellant, v ANTONIA NOVELLO, as Commissioner of Health of the State of New York, et al., Respondents. [727 NYS2d 560] —Crew III, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 12, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, prohibit respondent Commissioner of Health from imposing a temporary moratorium on the processing of petitioner's application to construct a nursing home.

In April 1991, petitioner submitted a "Certificate of Need" application for the establishment and construction of a 272-bed nursing facility in Kings County. By way of background, the "establishment" of a nursing facility is governed by Public Health Law § 2801-a and requires the written approval of the Public Health Council (hereinafter PHC), a 15-member group consisting of respondent Commissioner of Health and 14 other individuals appointed by the Governor (*see*, Public Health Law § 220). The PHC acts upon an establishment application after the State Hospital Review and Planning Council and the health systems agency having geographical jurisdiction of the area where the proposed facility is to be located have had a reasonable opportunity to review the application and submit their recommendations. The approval process with respect to the construction of a proposed facility, on the other hand, is governed by Public Health Law § 2802 and requires the approval of the Commissioner.

Following the submission of a revised application for a 240-bed facility, respondent State Hospital Review and Planning Council (hereinafter SHRPC) recommended approval of petitioner's establishment application with certain contingencies, and the PHC contingently approved same on March 24, 1995. Thereafter, on or about April 21, 1995, petitioner's construction application was approved subject to various contingencies. The construction commencement/completion dates subsequently were revised and, ultimately, construction was scheduled to commence on December 31, 1999 and conclude on September 30, 2001.

In the interim, on or about August 3, 2000, the Department of Health (hereinafter Department) announced a temporary moratorium with respect to the processing of "nursing home pipeline applications," defined as all projects that had been approved or contingently approved but had not yet received permission to start construction. Petitioner subsequently commenced this proceeding pursuant to CPLR article 78 seeking, *inter alia*, to annul the temporary moratorium and compel respondents to continue processing its application. Respondents answered and raised objections in point of law. Supreme Court subsequently dismissed the petition, prompting this appeal.

We affirm. Although the underlying petition seeks to "annul" the temporary moratorium, it is apparent from a review of the pleading as a whole, together with petitioner's reply papers, that petitioner actually is challenging the authority of the Commissioner to issue the moratorium in the first instance. The crux of petitioner's argument on this point is that once the PHC was satisfied that there was a public need for the proposed facility, the Commissioner had no authority to issue the temporary moratorium, which was imposed in order to permit the Department to consider the need for additional nursing home beds on a State-wide basis. In other words, according to petitioner, the PHC having spoken on the issue of public need as to petitioner's facility, the Commissioner had no authority to revisit that topic.

To the extent that petitioner argues that the Commissioner exceeded her authority in issuing the moratorium, the relief sought is in the nature of prohibition. In this regard, "[i]t is well established that a CPLR article 78 proceeding seeking the 'extraordinary remedy of prohibition is only available to prevent a judicial or quasi-judicial body or officer from proceeding or threatening to proceed without or in excess of its jurisdiction, and then only if a clear legal right to that relief has been established' " (*Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643, 645, *lv denied* 95 NY2d 755, quoting *Matter of Haggerty v Himelein*, 89 NY2d 431, 435). Moreover, "prohibition is not available to control or prevent legislative, executive or ministerial action" (*Matter of Law Offs. of Andrew F. Capoccia v Spitzer, supra,* at 645).

Public Health Law § 2802 (2) provides, in relevant part, as follows: "The commissioner shall not act upon an application for construction of a [nursing home] until the [SHRPC] and the health systems agency have had a reasonable time to submit their recommendations, and unless (a) the applicant has obtained all approvals and consents required by law for its

incorporation or establishment (including the approval of the [PHC] pursuant to the provisions of this article) * * * and (b) *the commissioner is satisfied as to the public need for the construction, at the time and place and under the circumstances proposed*" (emphasis supplied). Given the plain language of Public Health Law § 2802 (2), we cannot say that the Commissioner exceeded her authority and, therefore, we conclude that petitioner has not demonstrated a clear legal right to the relief sought.

In addition to challenging the Commissioner's authority to issue the moratorium, petitioner also seeks to compel respondents to continue to process its application. Mandamus to compel lies only when the "right to relief is 'clear' and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion" (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96; *see, Matter of Salvador v Naylor*, 279 AD2d 874, 875). Although Public Health Law § 2802 (2-b) does establish a timetable for the *submission* of a completed application to the SHRPC for its consideration, there is no corresponding provision compelling either the SHRPC or the Commissioner to *process* or *approve* an application within a specific time period. Again, petitioner has failed to demonstrate a clear right to the relief sought and, accordingly, Supreme Court properly dismissed the petition. Petitioner's remaining contentions, including its assertion that the moratorium was imposed in violation of the State Administrative Procedure Act (*see,* State Administrative Procedure Act § 101 *et seq.*), have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.