■ In the Matter of JACK P. SCHLEIFER et al., Appellants, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.
[747 NYS2d 779]

Contrary to the petitioners' contention, the Supreme Court correctly upheld the moratorium (*see Matter of Urban Strategies v Novello,* 297 AD2d 745 [decided herewith]; *Sheffield Towers Rehabilitation & Health Care Ctr. v Novello,* 293 AD2d 182; *Matter of Jay Alexander Manor v Novello,* 285 AD2d 951), and accordingly, properly refused to direct the respondents to continue to process the petitioners' application. In any event, the remedy of mandamus to compel that act is unavailable, since there is no statute or regulation that requires the respondents to process or approve a pending application within a specific time period (*see Matter of Urban Strategies v Novello, supra; Matter of Jay Alexander Manor v Novello, supra* at 953).

The petitioners' remaining contentions are without merit.

We note that since this is in part a declaratory judgment action, the Supreme Court should have made a declaration in favor of the respondents (*see Lanza v Wagner,* 11 NY2d 317, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

In light of the representations made by the Assistant Solicitor General at oral argument of this appeal, we direct the respondents to submit to the State Hospital Review and Planning Council (hereinafter the SHRPC) the methodology in question, on or before the latest date for it to be considered at the December 5, 2002, meeting of the SHRPC. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.