In the Matter of URBAN STRATEGIES, INC., Respondent, v ANTONIA NOVELLO, Appellant. [747 NYS2d 570]

On August 3, 2000, the Department of Health of the State of New York (hereinafter the DOH) announced that there would be a temporary moratorium on the processing of nursing home "establishment and construction" applications which had been conditionally approved, and which had not yet received final approval. After the petitioner was advised that its application was subject to the moratorium, it commenced the instant proceeding seeking, inter alia, to have the moratorium invalidated and to compel the appellant, as Commissioner of the DOH, to continue processing its application. The Supreme Court granted the petition, declared, in effect, that the moratorium was invalid, vacated the moratorium, and directed the appellant to continue processing the application.

The Supreme Court should not have vacated the moratorium and directed the appellant to continue processing the application. As this Court held in *Sheffield Towers Rehabilita-*

*tion & Health Care Ctr. v Novello* (293 AD2d 182), the moratorium is consistent with the appellant's duty under Public Health Law § 2802 (2) to authorize construction of necessary facilities (*see also Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 93-94; *Matter of Jay Alexander Manor v Novello,* 285 AD2d 951). Furthermore, the moratorium serves a "valid and reasonable purpose" (*Cellular Tel. Co. v Village of Tarrytown,* 209 AD2d 57, 66), in that it afforded the DOH time to review and revise the complex methodology in 10 NYCRR 709.3 by which the estimated need for nursing home beds is determined (*see Sheffield Towers Rehabilitation & Health Care Ctr. v Novello, supra*). Moreover, we reject the assertion that the moratorium impermissibly conflicts with that regulation, as the moratorium has in no way disturbed the existing estimates of the need for nursing home beds in the absence of the promulgation of a "new bed need methodology" (10 NYCRR 709.3 [b] [2]). Finally, the moratorium is "not a rule" (*Sheffield Towers Rehabilitation & Health Care Ctr. v Novello, supra*), and thus, was not required to be promulgated in accordance with the rule-making procedures outlined in the State Administrative Procedure Act (*see* State Administrative Procedure Act § 202; *cf. Matter of Ex-L Ambulette v Commissioner of N.Y. State Dept. of Social Servs.,* 268 AD2d 431).

In any event, the petitioner cannot be considered to have had a "clear" right to have its application processed (*Matter of Hamptons Hosp. & Med. Ctr. v Moore, supra* at 98), as there is no statute or regulation compelling the appellant to process or approve a pending application within a specific time period. Thus, the remedy of mandamus to compel the processing of the petitioner's application is unavailable (*see Matter of Jay Alexander Manor v Novello, supra* at 953).

The petitioner's remaining contentions are without merit.

In light of the representations made by the Assistant Solicitor General at oral argument of this appeal, we direct the appellant to submit to the State Hospital Review and Planning Council (hereinafter the SHRPC) the methodology in question on or before the latest date for it to be considered at the December 5, 2002, meeting of the SHRPC. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur. [*See* 188 Misc 2d 330.]