Matter of Austin v Milin (2018 NY Slip Op 03815)





Matter of Austin v Milin


2018 NY Slip Op 03815


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6703 100918/16 -1977

[*1]In re Kimberly Austin, et al., Petitioners, Julius Dixson, Petitioner-Appellant,
v
Maria Milin, etc., Respondent-Respondent, PS 157 Lofts LLC, et al., Landlords-Respondents-Respondents.


Julius Dixson, appellant pro se.
Eric T. Schneiderman, Attorney General, New York (David Lawrence III of counsel), for Maria Milin, respondent.
Horing, Welikson & Rosen, P.C., Williston Park (Rene Digrugilliers of counsel), for P.S. 157 Lofts LLC, and 327 St. Nicolas LLC, respondents.



Judgment (denominated an order), Supreme Court, New York County (Barbara A. Jaffe, J.), entered March 21, 2017, which denying the petition seeking, inter alia (1) a writ of prohibition against the enforcement of an order of Civil Court, New York County (Housing Part) (Maria Milin, J.), entered on or about February 18, 2016, which granted defendant landlords' motion for re-executing a warrant of eviction and (2) restraining landlords from executing the warrant of eviction, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the writ of prohibition (see Matter of Haggerty v Himelein, 89 NY2d 431, 435 [1997]; Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 [1993]). Housing Court's February 2016 authorization of re-execution of the eviction warrant (following exhaustion of numerous attempts to appeal the December 2013 judgment awarding possession to landlord) was lawful and not in excess of its jurisdiction (see RPAPL 749[1]). Additionally, no writ of prohibition would lie even if Housing Court's February 2016 order were somehow defective, since petitioners could have obtained review of the order via ordinary direct appeal. Indeed, petitioners make clear that they consciously eschewed a direct appeal, in favor of a writ of prohibition, in order to avoid appealing the underlying order to the Appellate Term. We note that the ultimate issue of landlord's right to possession of the apartment was finally decided by Appellate Term in its December 2013 judgment and is
res judicata (see Matter of Hunter, 4 NY3d 260, 269 [2005]).
We have considered petitioners' remaining contentions, and find them unavailing.
M-1977 - In re Kimberly Austin v Maria Milin
Motion to expand appendix denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK