Matter of Town of Hempstead v Maragos (2020 NY Slip Op 00284)





Matter of Town of Hempstead v Maragos


2020 NY Slip Op 00284


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04383
 (Index No. 1208/17)

[*1]In the Matter of Town of Hempstead, et al., respondents,
v
George Maragos, etc., appellant.


Jared Kasschau, County Attorney, Mineola, NY (Christi Marie Kunzig and Robert F. Van der Waag of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Daniel J. Evers of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of prohibition, George Maragos, County Comptroller of the County of Nassau, appeals from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered April 3, 2017. The judgment, insofar as appealed from, in effect, granted those branches of the petition which were to prohibit him from acting in excess of his jurisdiction and to quash certain subpoenas dated February 16, 2017, issued by him to the petitioners, to the extent of quashing portions of those subpoenas.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner Town of Hempstead Animal Shelter (hereinafter the animal shelter) is a general services department of the petitioner Town of Hempstead. By letter dated January 31, 2017, the respondent, George Maragos, County Comptroller of the County of Nassau (hereinafter the County Comptroller), informed the petitioner Michael Pastore, the director of the animal shelter, of the County Comptroller's intention to perform an audit of the "operation, finances, and the contractual expenses of the shelter," and on February 7, 2017, issued a press release announcing the audit of the "finances and operation" of the animal shelter. The press release indicated that the audit was "precipitated after receiving alarming complaints" alleging "animal neglect, unnecessary deaths, unsanitary conditions, and unqualified staff." In a letter dated February 7, 2017, the Town's counsel averred that any authority of the County Comptroller to audit the Town or its departments was
limited to an examination of financial affairs. By letter dated February 8, 2017, the County Comptroller responded that it was authorized to undertake not only financial audits, but also "performance audits." The County Comptroller served subpoenas dated February 16, 2017, upon Pastore, as director of the animal shelter, and upon Anthony J. Santino, the Town supervisor, seeking examinations under oath and production of various categories of documents.
The petitioners commenced the instant proceeding pursuant to CPLR article 78 in the nature of prohibition, in effect, to prohibit the County Comptroller from proceeding in excess of his jurisdiction and to quash certain subpoenas served by the County Comptroller upon them. The Supreme Court determined that the County Comptroller's authority to audit the animal shelter was limited to "a fiscal examination only," and that the subpoenas, to the extent they sought information beyond "an examination of [the animal shelter's] balance sheets/budget evidencing its income and [*2]expenditures," fell outside the scope of his authority. The court also granted that branch of the petition which was to quash the subpoenas to the extent of quashing those portions of the subpoenas which sought, inter alia, the animal shelter's organization chart and contracts for goods and services between the Town and the animal shelter.
We disagree with the Supreme Court's conclusion that certain of the materials which were the subject of the subpoenas fell outside of the County Comptroller's subpoena and audit authority. The Nassau County Charter provides that the County Comptroller shall, inter alia, "examine and audit of his own motion or when directed to do so by resolution of the County Legislature, the accounts and records of any town or special district and make reports from time to time when requested by the County Executive or County Legislature on the financial condition of the county or any [and] all of its political subdivisions" (Nassau County Charter [hereinafter the Charter] § 402[6]; see Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d 611). Another section of the Charter provides generally that several County officials, including the County Comptroller, "shall have the power to . . . compel the attendance of witnesses and the production of books and papers" (Charter § 2213). Contrary to the petitioners' contention, under the plain language of the Charter, the County Comptroller's general authority to "examine and audit . . . accounts and records" (Charter § 402[6]), which may be exercised sua sponte, is not restricted by the subsequently stated authority to make reports on financial conditions upon request. Here, the broad language of the Charter signifies that the powers and duties conferred upon the County Comptroller "go beyond the verification of financial records and internal controls" (Matter of McCall v Barrios-Paoli, 93 NY2d 99, 108). The petitioners therefore failed to demonstrate that the County Comptroller was proceeding in excess of his authority or jurisdiction (see CPLR 7803[2]; Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d 87, 96).
The petitioners' remaining contentions are without merit.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court