Matter of Sapienza v City of Buffalo (2021 NY Slip Op 07388)





Matter of Sapienza v City of Buffalo


2021 NY Slip Op 07388


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


914 CA 20-01017

[*1]IN THE MATTER OF JOSEPH SAPIENZA AND AFFORDABLE ELECTRICAL SERVICES BY SAPIENZA ELECTRIC, INC., PETITIONERS-APPELLANTS,
v
CITY OF BUFFALO, RESPONDENT-RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CHAD A. DAVENPORT OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered August 4, 2020 in a proceeding pursuant to CPLR article 78. The judgment granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced the instant article 78 proceeding seeking to compel respondent, City of Buffalo, to, inter alia, inspect and release as approved in a timely fashion electrical work performed by petitioners. Supreme Court granted respondent's motion to dismiss the petition pursuant to, inter alia, CPLR 3211 (a) (7). We affirm.
Contrary to petitioners' contention, the court properly granted the motion with respect to that part of the petition seeking to compel respondent to perform inspections of petitioners' electrical work within a specific time period. Petitioners failed to allege any statute that requires respondent to perform inspections within a particular time period and thus, petitioners failed to allege they had a legal right to such relief (see Matter of Urban Stategies v Novello, 297 AD2d 745, 748 [2d Dept 2002]).
We reject petitioners' contention that the court erred in granting the motion with respect to that part of the petition seeking to compel respondent to maintain records of electrical permits and inspections. Under CPLR 7803 (1), a petitioner seeking mandamus to compel " 'must have a clear legal right to the relief demanded and there must exist a corresponding nondiscretionary duty on the part of the administrative agency to grant that relief' " (Matter of Anonymous v Commissioner of Health, 21 AD3d 841, 842 [1st Dept 2005]). While the Charter of the City of Buffalo provides that respondent has a nondiscretionary duty to maintain such records (see Charter of the City of Buffalo §§ 165-22, 165-31), petitioners failed to identify any records that were not maintained and thus failed to allege that they have a clear legal right to the relief demanded (see generally Matter of Eck v Mayor of Vil. of Attica, 28 AD3d 1195, 1196 [4th Dept 2006]; Matter of Thomas v City of Buffalo Inspections Dept., 275 AD2d 1004, 1004 [4th Dept 2000]).
Petitioners' contention that the petition stated a cause of action for mandamus to review pursuant to CPLR 7803 (3) is without merit. Indeed, the petition does not refer to CPLR 7803 (3) or allege that respondent acted arbitrarily and capriciously (cf. Matter of Gilbert v Planning Bd. of Town Irondequoit, 148 AD3d 1587, 1588 [4th Dept 2017]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court