Matter of County of Suffolk v Kennedy (2022 NY Slip Op 07231)

Matter of County of Suffolk v Kennedy

2022 NY Slip Op 07231

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-12907
 (Index No. 408/19)

[*1]In the Matter of County of Suffolk, et al., appellants,
v
John M. Kennedy, Jr., etc., respondent.

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Daniel J. Evers of counsel), for appellants.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter A. Bee and Jason Greenfield of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of prohibition, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 15, 2019. The judgment denied the petition, dismissed the proceeding, and granted the respondent's counterclaim to compel the petitioner Theresa Ward to comply with a subpoena dated December 17, 2018.
ORDERED that the judgment is affirmed, with costs.
On or about October 19, 2017, Theresa Ward, the Deputy County Executive and Commissioner of the Suffolk County Department of Economic Development and Planning (hereinafter DEDP), issued and advertised request for qualifications number 17046 (hereinafter RFQ 17046). RFQ 17046 stated that it was issued to further "the development of municipally owned parcels located immediately south of the Ronkonkoma Long Island Rail Road train station."
On or about September 12, 2018, the Town Supervisors of the Towns of Brookhaven and Islip requested that the respondent, John M. Kennedy, Jr., the Suffolk County Comptroller, conduct an audit of RFQ 17046. Kennedy subsequently issued a subpoena to DEDP for documents related to RFQ 17046.
The County and Ward then commenced this proceeding, inter alia, pursuant to CPLR article 78 to prohibit Kennedy from conducting an audit and/or investigation with respect to RFQ 17046, and pursuant to CPLR 2304 to quash the subpoena. Kennedy opposed the petition, and asserted a counterclaim to compel Ward to comply with the subpoena.
By judgment dated October 15, 2019, the Supreme Court denied the petition, dismissed the proceeding, and granted the counterclaim to compel Ward to comply with the subpoena. The petitioners appeal.
"[T]he extraordinary remedy of prohibition lies only where there is a clear legal right and only when the body or officer acts or threatens to act without jurisdiction in a matter over which [*2]it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of B. T. Prods. v Barr, 44 NY2d 226, 231 [internal quotation marks omitted]; see Matter of Haggerty v Himelein, 89 NY2d 431, 435). The writ "must be directed to some inferior judicial tribunal or officer and lies to prevent or control judicial or quasi-judicial action only, as distinguished from legislative, executive or ministerial action" (Matter of B. T. Prods. v Barr, 44 NY2d at 231-232 [internal quotation marks omitted]; see City of New York v State of New York, 40 NY2d 659, 667). The grant of a writ of prohibition is a matter of discretion based upon "the gravity of the harm caused by the act sought to be performed by the official; whether the harm can be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity; and whether prohibition would furnish a more complete and efficacious remedy even though other methods of redress are technically available" (Matter of Rush v Mordue, 68 NY2d 348, 354 [internal quotation marks omitted]; see Matter of Sedore v Epstein, 56 AD3d 60, 63).
The authority of the Suffolk County Comptroller derives from the Suffolk County Charter, which incorporates the County Law by reference (see Suffolk County Charter § C5-2[A], as amended June 17, 2014 by L.L. No. 32-2014). Specifically, the County Comptroller's authority includes the power to "[e]xamine, audit and verify all books, records and accounts kept by the various administrative units, departments, offices or officials paid from County funds, institutions and other agencies of the County" (id. § C5-2[B]; see also County Law § 577[1]).
The "general authority to examine and audit . . . accounts and records" goes beyond the verification of financial records and internal controls (Matter of Town of Hempstead v Maragos, 179 AD3d 813, 815 [internal quotation marks omitted]; see Matter of McCall v Barrios-Paoli, 93 NY2d 99, 106; cf. Matter of Martin H. Handler, M.D., P.C. v DiNapoli, 23 NY3d 239, 249). A performance audit "examine[s] the performance of government organizations, programs, activities or functions 'in order to provide information to improve public accountability and facilitate decision-making by parties with responsibility to oversee or initiate corrective action'" (Matter of McCall v Barrios-Paoli, 93 NY2d at 102, quoting Government Auditing Standards § 2.6 [United States General Accounting Office 1994 Revision]; see Matter of Town of Hempstead v Maragos, 179 AD3d at 814).
Here, nothing in the Suffolk County Charter or Code limits or restricts the power of the County Comptroller to conduct a performance audit of RFQ 17046 (see Matter of Town of Hempstead v Maragos, 179 AD3d at 815; see also Matter of McCall v Barrios-Paoli, 93 NY2d at 108). The general rule-making and approval processes governing RFQs issued by the County are distinct from the County Comptroller's independent authority to audit those processes. Accordingly, the petitioners "failed to demonstrate that the County Comptroller was proceeding in excess of his authority or jurisdiction" (Matter of Town of Hempstead v Maragos, 179 AD3d at 815), and the Supreme Court did not improvidently exercise its discretion in denying that branch of the petition which was pursuant to CPLR article 78 to prohibit Kennedy from conducting an audit and/or investigation with respect to RFQ 17046.
"The requirements for the issuance of an investigatory subpoena duces tecum are (1) that the issuing agency has authority to engage in the investigation and issue the subpoena, (2) that there is an authentic factual basis to warrant the investigation, and (3) that the evidence sought is reasonably related to the subject of the inquiry" (Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d 87, 96 [internal quotation marks omitted]). "Generally, the standard to be applied on a motion to quash a subpoena duces tecum is whether the requested information is utterly irrelevant to any proper inquiry" (Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d 186, 201 [internal quotation marks omitted]; see Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d 611, 614-615). "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is 'utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d at 614-615, quoting Matter of Kapon v Koch, 23 NY3d 32, 34).
Here, the petitioners failed to sustain their initial burden. Accordingly, the Supreme [*3]Court properly denied that branch of the petition which was pursuant to CPLR 2304 to quash the subpoena and granted the counterclaim to compel Ward to comply with the subpoena.
We need not reach the petitioners' remaining contention in light of our determination.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court