OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division dismissing the prohibition proceeding should be affirmed, with costs.
 

 Just as mandamus will lie only to enforce a clear legal right, prohibition may be availed of only to proscribe a clear legal wrong. That PERB has ordered mediation during the life of the collective bargaining agreement does not, as the City argues, constitute such a clear usurpation of power by PERB, for subdivision 1 of section 209 of the Civil Service Law relates the declaration of impasse “to the end of the fiscal year of the public employer” not to the contract year (see
 
 Matter of Burke v Bowen,
 
 40 NY2d 264, 268). Moreover, even as to a clearly
 
 ultra vires
 
 act, prohibition does not lie against an administrative agency if another avenue of judicial review is available, absent a demonstration of irreparable injury to the applicant if he is relegated to such other course. Here, as the Appellate Division noted (97 AD2d 258, 262), adequate means exist for presentation
 
 *796
 
 by the City of its argument against compulsory arbitration (see 4 NYCRR 205.6). Nor, for like reason, should the authority granted by CPLR 103 to convert this proceeding to an action for declaratory judgment be exercised.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed, with costs, in a memorandum.