■ In the Matter of FLEETWOOD TENANTS ASSOCIATION, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents, and JEROME FISHER et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated July 28, 1987, which, *inter alia,* granted increases in rent based upon major capital improvement expenditures by the appellant landlords, in which the appellant landlords cross-petitioned to prohibit the New York State Division of Housing and Community Renewal from reopening their application for rent increases, the appeal is from a judgment of the Supreme Court, Queens County (Rozenzweig, J.), entered January 13, 1989, which denied the cross petition.

Ordered that the judgment is affirmed, with costs.

It is well settled that the extraordinary remedy of prohibition is not available to prevent even ultra vires administrative action when the party seeking such relief may pursue other avenues of judicial review without sustaining irreparable injury *(see, Matter of American Tr. Ins. Co. v Corcoran,* 65 NY2d 828; *Matter of City of Newburgh v Public Employment Relations Bd.,* 63 NY2d 793). In the instant matter, even assuming that the New York State Division of Housing and Community Renewal was without authority *(see,* 9 NYCRR 2529.9) to reopen the proceedings dealing with the landlords' application

for rent increases, based upon its admitted failure to consider "vital" matters, the landlords will have an opportunity to obtain judicial review in the event that they are ultimately aggrieved by a determination of the agency. Accordingly, in the absence of any evidence that the landlords will suffer irreparable harm, we find no impropriety in denying prohibition. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.