◼ THOMAS L. RANSOM, JR., Respondent, v BARBARA PAT-

TON, as Chairwoman of the Workers' Compensation Board, Appellant. [600 NYS2d 542] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking mandamus to compel respondent to reissue a check representing the balance of a supervised account held on his behalf by the Workers' Compensation Board. It is undisputed that respondent issued a check in May 1988 representing the balance of petitioner's account. Petitioner contends that he never received the check or any of the proceeds. Respondent's investigation revealed that petitioner's father received, endorsed, and deposited the proceeds of the check into a bank account. Petitioner's father explained, however, that he took that action at petitioner's request and in petitioner's presence. Petitioner's father further stated that over the years he disbursed the proceeds of the check to petitioner as petitioner requested.

Supreme Court erred in denying respondent's motion to dismiss the petition. Petitioner failed to demonstrate that he has "a clear legal right to the relief demanded" and that there exists "a corresponding nondiscretionary duty on the part of the administrative agency to grant that relief" *(Matter of Sherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757; *see also, Matter of City of Newburgh v Public Empl. Relations Bd.,* 63 NY2d 793, 795; *Klostermann v Cuomo,* 61 NY2d 525, 539; *Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The Workers' Compensation Board, by issuing a check to petitioner for the balance of his account, performed its duty and it has no authority to reissue a check to petitioner for the balance of his account from public funds. Moreover, petitioner has not demonstrated a clear legal right to the relief he seeks because, according to petitioner's father, petitioner already received the proceeds from the check. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J. —Dismiss Proceeding.) Present—Pine, J. P., Balio, Doerr, Boomer and Davis, JJ.