OPINION OF THE COURT
Bellacosa, J.
This CPLR article 78 prohibition proceeding is an offshoot of a pretrial dispute in a Medicaid fraud criminal prosecution. The Trial Justice before whom the criminal matter was pending ordered the Medicaid Fraud Bureau of the Attorney General’s office to turn over Grand Jury minutes to defense counsel. The Bureau sought the extraordinary writ of prohibition at the Appellate Division to block disclosure of the minutes. The Appellate Division granted the writ, with one Justice dissenting. This Court granted leave to appeal to the Trial Justice.
The precise issue is whether an off-the-record, preliminary assessment by the Trial Justice that sufficient evidence existed to support the indictments precludes a subsequent *480 disclosure direction, as authorized by CPL 210.30. We hold that the trial court did not lose the discretionary authority vested in it by the statute. We thus reverse the judgment of the Appellate Division and dismiss the petition.
Defendants D’Ambrosio and Mignola were indicted and charged with, among other things, grand larceny in the first degree. The charges stemmed from their alleged theft of funds from nursing home patients, as well as their attempt to defraud the Medicaid system by causing it to overpay for medical care to patients. On October 30, 1997, defendants were arraigned on these charges before the appellant Justice. Immediately following the arraignment, defense counsel orally challenged the legal sufficiency of the evidence before the Grand Jury. The Justice — as he avers is customary in Kings County and in his personal calendar management practices — sua sponte requested that the Assistant Attorney General release the Grand Jury minutes to the court. The purpose was to begin the judicial assessment of the legal sufficiency of the evidence. The Assistant Attorney General complied without objection.
At a later, off-the-record conference, defense counsel asked the court whether a decision on legal sufficiency was forthcoming. The Justice asserts, in his prohibition answer and affirmation, that he “indicated to the defense and petitioner [the Medicaid Fraud Bureau] that after a preliminary examination of the minutes [he] believed that there had probably been enough evidence before the Grand Jury to support the charges.” No written order was issued. At yet another off-the-record conference, defense counsel orally requested that the Bureau produce portions of the Grand Jury minutes relating to the instruction on grand larceny in the first degree in order to aid defense counsel in preparing its forthcoming motion to dismiss or reduce the counts of the indictment. The Assistant Attorney General again agreed and released those minutes to the defense.
At the next conference, defense counsel again questioned the legal sufficiency of the evidence adduced before the Grand Jury. Defense counsel argued in particular, apparently for the first time, that the Bureau was using a novel legal theory to support the monetary threshold of grand larceny in the first degree. Defense counsel claimed that the Bureau was attempting to aggregate the funds to reach the million dollar monetary threshold, and that to address the legal sufficiency of this count pertinently in defendants’ upcoming motions to dismiss the indictment, defense counsel must be permitted to examine the *481 Grand Jury minutes. The Justice reserved decision on this request, with the objective that the parties might reach an agreement among themselves concerning the scope of the disclosure. He adjourned the case several more times towards that end, but it did not happen.
By October 1998, the trial court recognized that the parties were at an impasse and, noting the complexity of the case, on the record, it directed the Assistant Attorney General to release the Grand Jury minutes to defense counsel. The Trial Justice indicated that each defendant should receive only those minutes pertaining to his or her own actions and that the Bureau could apply for a protective order involving sensitive portions of the transcript. On that same day, the Justice issued a written order incorporating the terms of this oral ruling.
The Bureau balked and sought this extraordinary writ to block the order. The Bureau argued solely that once the trial court uttered its preliminary assessment regarding the legal sufficiency of the Grand Jury evidence, it lost the statutory authorization to order the prosecution to provide defendants with the Grand Jury minutes.
The Appellate Division, with one Justice dissenting, held that the lower court’s initial assessment of legal sufficiency was a “determination” within the meaning of CPL 210.30 (3) and therefore it lacked authority to order disclosure of the Grand Jury minutes. The Appellate Division added that the trial court lacked the power to order disclosure because defendants had not yet made a written motion to dismiss or reduce the indictment at the time disclosure was ordered. The court concluded that CPL 210.30 (3) does not permit the release of Grand Jury minutes as an aid to counsel in the preparation of a written motion to dismiss or reduce the indictment.
Appellant Trial Justice argues that the Appellate Division judgment unduly limits his statutory discretion to reconsider his own tentative assessment about the sufficiency of the Grand Jury evidence. He asserts that his preliminary assessment in no way restricts his authority to order subsequent disclosure pursuant to CPL 210.30, if the need as prescribed in the statute later manifests itself.
CPL 210.30 (3) provides:
“Unless good cause exists to deny the motion to inspect the grand jury minutes, the court must grant the motion. It must then proceed to examine the minutes and to determine the motion to dismiss *482 or reduce the indictment. If the court, after examining the minutes, finds that release of the minutes, or certain portions thereof, to the parties is necessary to assist the court in making its determination on the motion, it may release the minutes or such portions thereof to the parties. Provided, however, such release shall be limited to that grand jury testimony which is relevant to a determination of whether the evidence before the grand jury was legally sufficient to support a charge or charges contained in such indictment. Prior to such release the district attorney shall be given an opportunity to present argument to the court that the release of the minutes, or any portion thereof, would not be in the public interest” (emphasis added).
The Bureau’s main argument in the Appellate Division, largely abandoned in its brief to this Court, was that the Trial Justice’s preliminary assessment of legal sufficiency was a “determination” pursuant to section 210.30 (3) and, therefore, the door to disclosure of Grand Jury minutes was shut. It further urged that, under CPL 210.30 (3), release of Grand Jury testimony is authorized only when it would aid the court in making a determination of legal sufficiency, and here the court had already made such determination. The plain language of CPL 210.30 (3), however, nowhere prohibits the court from ordering the release of Grand Jury minutes when it subsequently will face a written motion on legal sufficiency, and concludes that it needs informed adversarial submissions from both sides. This is precisely what the Trial Justice did here.
The parties’ actions also indicate that they understood the Justice’s initial assessment did not constitute the final determination of the matter. Following the Justice’s initial assessment, defense counsel repeatedly argued that defendants beliéved that the evidence before the Grand Jury was insufficient. The Bureau even disclosed portions of the Grand Jury instructional minutes to defense counsel after the Justice had rendered his preliminary assessment. This voluntary disclosure plainly would not have taken place had the Bureau believed that the Justice had already made a final determination involving the sufficiency of the evidence — without the inevitable formal written motion by defense counsel ever having been made as yet.
Moreover, CPL 210.30 (5) provides that “[i]n any case, the court must place on the record its ruling upon the motion to *483 inspect.” The fact that the Justice did not place his initial assessment concerning the sufficiency of the evidence on the record demonstrates that it was not a final determination. Thus, the language of CPL 210.30 (3), along with the parties’ and the Justice’s actions, document an understanding that the Justice’s initial assessment did not divest him of his statutory authorization to release Grand Jury minutes to the defense. In this complex case, where the trial court believed that it could benefit from defendants’ counter appraisal and analysis of the People’s evidence in order to decide their forthcoming motions to dismiss or reduce the indictment, the trial court’s statutorily invested authority should not be hamstrung.
We do not diminish the importance of values like regularity of procedure in accordance with statutory prescriptions and the predominant confidentiality of Grand Jury proceedings (see, e.g., People v Fetcho, 91 NY2d 765). This case is not about so-called “inherent” trial court power nor about “loose” practices. We fully agree that statutory prescriptions must be respected and obeyed. Moreover, it should be emphasized that our resolution of this collateral proceeding does not lessen the critical importance of the protective shield for the secrecy of Grand Jury proceedings and records, guaranteed by longstanding statutory provisions and well-founded precedents (see, e.g., CPL 190.25 [4]; People v Fetcho, supra, and cases cited therein).
On the other hand, we need not avert our awareness from realistic and authorized practices in the management of a trial case docket. From that balanced perspective, this Court is obliged to pinpoint the threshold burden that this special prosecutor bears in seeking prohibition — an extraordinary remedy, allowable to interrupt a criminal proceeding only when a trial court acts in the absence of any authority whatsoever.
The range of discretionary authorization entrusted to trial courts by the Legislature is necessarily acknowledged by everyone studying this provision. The reason the power was promulgated is plainly understood and appreciated. On the other hand, the prosecutor’s theory, supported by our dissenting colleague’s point of view, cannot be squared with these threshold touchstones. In this procedural context, their approach would admit of no power whatsoever for this trial court to proceed and manage this case as directed. That is fundamentally flawed and the essential reason we conclude that prohibition is not available here.
We next address the Bureau’s argument — which dovetails with the Appellate Division’s alternative rationale, as well as *484 another aspect of the dissent — that because no written motion to dismiss the indictment was pending before Supreme Court, the Justice lacked authority to grant disclosure of the Grand Jury testimony. No one disputes that a motion to dismiss must be in writing (see, CPL 210.45 [1]). That, however, is not the point of this case.
The Bureau never before asserted that a written motion to dismiss or reduce the indictment must be submitted before the court could grant defendant’s motion to inspect. This argument was not raised before the trial court in any objection to disclosure of the minutes. In addition, this argument was not part of the Bureau’s prohibition petition or reply papers before the Appellate Division. Thus, notwithstanding the dissent’s protestation and characterization, the petition asserts solely that the Trial Justice had no authority to order disclosure because he had already made a determination that the Grand Jury testimony was sufficient to support the indictment. Because this Court holds that the argument is unpreserved, that binding conclusion precludes any merits discussion or disposition.
Assuming the argument is preserved, the Assistant Attorney General waived it, in any event. On March 20, 1998, the prosecution agreed to turn over a portion of the Grand Jury minutes to defense counsel, even though counsel had not yet filed a motion to dismiss. By this action, the Assistant Attorney General embarked on a strategic litigation course that precluded it from later demanding that a written motion to dismiss must be filed before any minutes may be turned over or before a motion to inspect may be granted. Indeed, the dissent readily acknowledges that under People v Jennings (69 NY2d 103, 113) the People may waive their right to insist on a written motion to dismiss the indictment.
Because this argument is, in the end, unpreserved — despite the Appellate Division’s discussion of the argument and our dissenting colleague’s substantial reliance on it for his analysis — we express and imply no view of the merits.
In sum, the 1980 amendment to CPL 210.30 (3) (L 1980, ch 842, § 1) legislatively overruled Matter of Jaffe v Scheinman (47 NY2d 188), a case that divested courts of any authority for providing defense counsel access to the minutes for the purpose of preparing an informed challenge to an indictment based on legal insufficiency. The amendment expressly empowered trial courts to release Grand Jury minutes as a matter of discretion *485 on certain showings and findings (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 210.30, at 93-94 [1980]). The amendment also provides that “[o]nly portions relevant to the sufficiency of the evidence before the grand jury issue can be released,” and the prosecutor must be given an opportunity prior to release to argue that the release would not be in the public interest {id., at 94).
We have considered the Medicaid Fraud Bureau’s other arguments, including mootness of the issue, and conclude that they are without merit.
Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the petition should be dismissed.