■ JOHN DOE, Respondent, v ANTONIA C. NOVELLO, as Commissioner of Health of State of New York, et al., Appellants. [834 NYS2d 603]—

Appeal from an order (denominated judgment) of the Supreme Court, Onondaga County (John V. Centra, J.), entered May 19, 2006. The order, insofar as appealed from, granted plaintiff's motion for a preliminary injunction.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the preliminary injunction is vacated.

Memorandum: Plaintiff, a physician who was the subject of a professional misconduct proceeding pursuant to Public Health Law § 230, commenced this action seeking to enjoin defendants from using his medical records in connection with the proceeding, after the Administrative Hearing Officer ruled that they were admissible. By order to show cause, plaintiff sought a preliminary injunction with respect to defendants' use of those records. We note that, although Supreme Court issued a "judgment" that, inter alia, granted the relief sought in the order to show cause, i.e., a preliminary injunction, we treat the judgment as an order granting the preliminary injunction (see generally Ryan v McLean, 209 AD2d 913, 914 [1994]). With respect to the merits of the appeal, the Administrative Hearing Officer had determined that the records were admissible, and plaintiff failed to exhaust his administrative remedies with respect to the professional misconduct proceeding. It is well settled that "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Even assuming, arguendo, that this action had been properly commenced as a CPLR article 78 proceeding seeking a writ of prohibition, we would conclude that such relief would not be warranted. "That extraordinary remedy is available only where there is a clear legal right, and only when an officer acts without jurisdiction or in excess of powers in a proceeding over which there is jurisdiction 'in such a manner as to implicate the legality of the entire proceeding' " (Matter of Doe v Axelrod, 71 NY2d 484, 490 [1988], quoting Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]). Here, as in Doe, "[t]he writ of prohibition does not lie as a means of seeking collateral review of a mere error of law in the administrative process, no matter how egregious that error might be" (id.). Present—Hurlbutt, J.P., Gorski, Fahey, Peradotto and Green, JJ.