In the Matter of CHASM HYDRO, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [872 NYS2d 235]—

Rose, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered November 7, 2007 in Franklin County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to stay administrative proceedings commenced by respondent.

Petitioners operate a hydroelectric dam located on a navigable, class C river. When they began to make repairs to the dam, respondent commenced an administrative enforcement proceeding against them for alleged violations of state water quality standards. Respondent's primary allegation is that petitioners' repairs caused significant discharges of sediment and other materials into the river. Relying on a dam repair permit that had been issued by the Federal Energy Regulatory Commission (hereinafter FERC) and asserting that respondent was acting in excess of its jurisdiction (*see* CPLR 7803 [2]),

petitioners commenced this proceeding for a writ of prohibition enjoining respondent's enforcement of state statutory and regulatory provisions. After concluding that petitioners failed to show that respondent exceeded its jurisdiction by bringing the administrative enforcement proceeding, Supreme Court dismissed the petition. Petitioners appeal and we affirm.

While we agree with petitioners' contention that FERC's authority to regulate and issue licenses to hydroelectric power projects under the Federal Power Act (16 USC ch 12) and the Clean Water Act (33 USC § 1251 *et seq.*) largely preempts the field of regulating hydroelectric facilities (*see e.g. Matter of Power Auth. of State of N.Y. v Williams*, 60 NY2d 315, 325 [1983]; *Matter of de Rham v Diamond*, 32 NY2d 34, 44 [1973]), there is one exception to that preemption, namely, the authority of a state to determine whether a particular project violates the state's own water quality standards (*see* 33 USC §§ 1313, 1370; *PUD No. 1 of Jefferson Cty. v Washington Dept. of Ecology*, 511 US 700, 721-723 [1994]; *Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation*, 82 NY2d 191, 194 [1993], *cert denied* 511 US 1141 [1994]; *Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation*, 42 AD3d 857, 860 [2007]). Thus, while respondent is precluded from enforcing environmental protections beyond the limited bounds of water quality standards (*see Matter of Erie Blvd. Hydropower, L.P. v Stuyvesant Falls Hydro Corp.*, 30 AD3d 641, 644-645 [2006]), it has authority to regulate petitioners' activities in order to protect water quality (*see S.D. Warren Co. v Maine Bd. of Environmental Protection*, 547 US 370, 386 [2006]).

Here, despite petitioners' claim to the contrary, ECL articles 15 and 17 were enacted, and respondent issued regulations relating thereto, in order to comply with the Clean Water Act (*see Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept. of Envtl. Conservation*, 23 AD3d 811, 813 [2005], *lv dismissed and denied* 6 NY3d 802 [2006]). Inasmuch as petitioners failed to demonstrate that respondent is seeking to enforce regulations unrelated to water quality and, thus, is acting without jurisdiction, Supreme Court properly concluded that a prerequisite for the discretionary grant of prohibition was not established (*see Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]; *Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643, 645 [2000], *lv denied* 95 NY2d 755 [2000]; *Matter of Adelphi Univ. v Board of Regents of State of N.Y.*, 229 AD2d 36, 38 [1997]).

We have considered the parties' remaining contentions and

find them to be either without merit or rendered academic by our holding.

Peters, J.P., Kane and Kavanagh, JJ., concur; Spain, J., not taking part. Ordered that the judgment is affirmed, without costs.