[923 NE2d 1137, 896 NYS2d 749]

In the Matter of CHASM HYDRO, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.

Argued January 7, 2010; decided February 16, 2010

## POINTS OF COUNSEL

*Poklemba & Hobbs, LLC,* Malta (*Gary C. Hobbs* of counsel), for appellants. I. The New York State Department of Environmental Conservation's authority over the Chasm Dam, as a federally regulated dam, is preempted by federal law. (*Brownville Power Corp. v Hydro Dev. Group,* 97 AD2d 947; *First Iowa Hydro-Electric Cooperative v FPC,* 328 US 152; *FPC v Oregon,* 349 US 435; *Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation,* 82 NY2d 191, 511 US 1141; *Fourth Branch Assoc. v Department of Envtl. Conservation,* 146 Misc 2d 334; *California v FERC,* 495 US 490; *Rivers Elec. Co., Inc. v 4.6 Acres of Land Located in Town of Catskill, County of Greene,* 731 F Supp 83.) II. This Court has previously rejected the New York State Department of Environmental Conservation's claim that it has regulatory authority over appellants' federally approved dam repairs, where the repairs may affect the "cleanliness" of the river water. (*First Iowa Hydro-Electric Cooperative v FPC,* 328 US 152; *FPC v Oregon,* 349 US 435; *California v FERC,* 495 US 490; *Matter of de Rham v Diamond,* 32 NY2d 34; *Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation,* 187 AD2d 7, 82 NY2d 191, 511 US 1141; *Fourth Branch Assoc. v Department of Envtl. Conservation,* 146 Misc 2d 334; *Matter of Erie Blvd. Hydropower, L.P. v Stuyvesant Falls Hydro Corp.,* 30 AD3d 641.) III. Exhaustion of administrative remedies is not required where an agency is proceeding in excess of its jurisdiction. (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371; *Matter of Town of Bellmont v New York State Dept. of Envtl.*

*Conservation,* 284 AD2d 761; *Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation,* 82 NY2d 191; *State of New York v United States,* 620 F Supp 374; *Atlantic States Legal Found., Inc. v Eastman Kodak Co.,* 12 F3d 353, 513 US 811.)

*Andrew M. Cuomo, Attorney General,* Albany (*Owen Demuth, Barbara D. Underwood, Andrew D. Bing, Lisa M. Burianek* and *Joseph Koczaja* of counsel), for respondent. Section 401 (d) of the Federal Water Pollution Control Act (Clean Water Act) authorizes the New York State Department of Environmental Conservation to enforce violations of New York's water quality standards and the related conditions and limitations that the State of New York imposed to assure compliance with those standards. (*S.D. Warren Co. v Maine Bd. of Environmental Protection,* 547 US 370; *PUD No. 1 of Jefferson Cty. v Washington Dept. of Ecology,* 511 US 700; *Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation,* 82 NY2d 191, 511 US 1141; *Matter of Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783; *Matter of Schumer v Holtzman,* 60 NY2d 46; *American Rivs., Inc. v Federal Energy Regulatory Commn.,* 129 F3d 99; *City of Tacoma, Wash. v Federal Energy Regulatory Commn.,* 460 F3d 53; *Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation,* 42 AD3d 857; *Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, 510 US 993; *DDB Tech., L.L.C. v MLB Advanced Media, L.P.,* 517 F3d 1284.)

## OPINION OF THE COURT

CIPARICK, J.

On this appeal, we must determine whether a CPLR article 78 petition in the nature of prohibition lies to prevent the New York State Department of Environmental Conservation (DEC) from bringing an administrative enforcement proceeding against Chasm Hydro, Inc. and the other petitioners for the violation of a variety of state water quality laws. Because petitioners have an adequate remedy at law and have not demonstrated that the agency has exceeded its jurisdiction, prohibition does not lie.

Petitioners own and operate the Chasm Hydro Dam on the Chateaugay River in the Town of Chateaugay, Franklin County. Under the Federal Power Act (FPA), the Federal Energy Regulatory Commission (FERC) has licensing authority over the dam and authority to exempt projects from the Act's licensing procedures (16 USC § 791a *et seq.*). Although regulation of

hydroelectric dams is generally vested in FERC, states exercise some control over a dam's impact on water quality. Section 401 of the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act (CWA), requires that any application for a federal license or permit that may result in discharge into navigable waters must first receive state certification that the activities being licensed will not violate the state's water quality standards (33 USC § 1341 [a]).

In 1980, before Chasm Dam began operating, petitioners received a water quality certificate from DEC. It certified that the dam's operation would comply with New York's water quality standards provided that the dam receive DEC approval for any future construction, abide by applicable state law, and conduct any draining and refilling for repairs or maintenance gradually to avoid damage downstream. FERC issued Chasm an exemption from certain FPA requirements in 1981, noting that the exemption "requires compliance with any conditions that . . . State fish and wildlife agencies have determined appropriate to prevent loss of, or damage to, fish and wildlife resources."*

In 2005, petitioners informed FERC and DEC that they wanted to drain the pond in order to repair the dam and penstock, and in June 2006 petitioners submitted an application to DEC for any necessary permits. DEC issued a combined Environmental Conservation Law article 15 stream disturbance permit and revised CWA § 401 water quality certificate that authorized draining of the pond behind the dam. The water quality certificate stated that the proposed sediment removal would not violate water standards under the CWA, "provided that all of the conditions listed herein are met." These conditions included limits on the amount of sediment petitioners could move (200 cubic yards) and the methods used to remove it, as well as a general requirement that petitioners minimize downstream turbidity and sediment accumulation. The permit explicitly noted that it did not authorize dam repairs. In July 2006, FERC authorized repair of the dam, with "the understanding that all work will be done to meet the environmental requirements as stipulated on the NYSDEC permit." In September 2006, petitioners opened the dam's bottom drain gate and allegedly discharged approximately 4,000 cubic yards of sediment into the river.

---

* FERC grants case-specific exemptions from licensing to small hydroelectric projects of five megawatts or less (18 CFR 4.30).

DEC commenced an enforcement proceeding by notice of hearing and administrative complaint on November 10, 2006, alleging several violations of the ECL. The first two causes of action allege that Chasm violated ECL 17-0501 and 6 NYCRR 703.2 by discharging sediment, sand, and paint into the river. The third cause of action alleges that Chasm violated ECL 15-0501 (1) and its stream disturbance permit by disturbing and removing material from the riverbed. The fourth cause of action alleges that Chasm further violated section 15-0501 (1) by depositing sediment in the river without a stream disturbance permit. The fifth cause of action alleges that Chasm engaged in dam repair without a permit, in violation of ECL 15-0503 (1). Finally, the sixth cause of action alleges that Chasm discharged substances injurious to fish, in violation of ECL 11-0503 (1).

Petitioners commenced this CPLR article 78 proceeding seeking to enjoin DEC's action as extra-jurisdictional, and DEC cross-moved for dismissal of the petition. Supreme Court dismissed the petition, finding the issue "not ripe for review," and noted that petitioners' preemption arguments would be fully addressed in the administrative proceeding and any resulting appeals. The Appellate Division unanimously affirmed, determining that DEC has authority to regulate petitioners' activity in order to protect water quality (58 AD3d 1100 [2009]). We granted leave to appeal (12 NY3d 710 [2009]) and now affirm on different grounds.

Petitioners contend that DEC's authority over a federally regulated dam is preempted by federal law and that DEC is therefore proceeding in excess of its jurisdiction (*see Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation*, 82 NY2d 191, 193-194 [1993]). In response, DEC argues that, because CWA § 401 (d) authorizes it to enforce violations of New York's water quality standards (33 USC § 1341 [d]), it is acting within its authority by bringing this administrative enforcement proceeding against Chasm. We conclude that petitioners have failed to meet their heavy burden, as they have not established a clear legal right to relief or that prohibition would provide a "more complete and efficacious remedy" than the administrative proceeding and resulting judicial review (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]; *accord Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y.*, 63 NY2d 793, 795 [1984] ["prohibition does not lie against an administrative agency if another avenue of judicial review is available, absent a demonstration of irreparable injury to the applicant"]).

Petitioners have not clearly established that DEC's enforcement action is in excess of its jurisdiction. Whether these causes of action fall within the State's power to "determine[ ] that construction and operation of the project as planned would be inconsistent with one of the designated uses" of the water (*PUD No. 1 of Jefferson Cty. v Washington Dept. of Ecology*, 511 US 700, 714 [1994]) should be determined, in the first instance, through the administrative process. In addition to the issues raised before this Court, the administrative proceeding should address whether the dam, as an exempt project, should be treated the same as a licensed project for the purpose of preemption analysis.

The courts below properly dismissed the article 78 petition. Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.