██ In the Matter of NEW YORK STATE HEALTH FACILITIES ASSOCIATION, INC., on Behalf of its MEMBER RESIDENTIAL HEALTH CARE FACILITIES, Appellant, v JAMES G. SHEEHAN, as Medicaid Inspector General of the State of New York, et al., Respondents. [953 NYS2d 712]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 15, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent Office of the Medicaid Inspector General from conducting patient review instrument audits.

Petitioner is a trade association representing residential health care facilities that participate in Medicaid, which is administered by the Department of Health in New York. Respondent Office of the Medicaid Inspector General (hereinafter OMIG) is an independent office within the Department responsible for preventing, detecting and investigating Medicaid fraud (see Public Health Law §§ 30, 31 [1]). Petitioner seeks a writ of prohibition to prevent OMIG from conducting audits of patient review instruments (hereinafter PRIs), which detail the level of care required by each patient within a facility and are used to determine the direct component of a facility's operating costs and reimbursement rates.

To ensure the accuracy of PRI information, the Department's regulations provide for a three-stage audit process that is conducted by a contractor (see 10 NYCRR 86-2.30 [e] [5]; Matter of Blossom View Nursing Home v Novello, 4 NY3d 581, 586-588 [2005]). This proceeding arose after OMIG conducted its own audit of the PRIs submitted to the Department by certain members of petitioner that had undergone a satisfactory audit by the contractor; OMIG did not use the three-stage process in conducting the audit, and determined that recoupment of up to several million dollars per facility was required. Supreme Court ultimately dismissed the petition, prompting this appeal.

We now affirm. Prohibition is an extraordinary remedy, to be issued sparingly and in the court's discretion, only when a "body or officer acts or threatens to act without jurisdiction in a matter over which it has no power . . . or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Dondi v Jones*, 40 NY2d 8, 13 [1976] [internal quotation marks and citation omitted]). In seeking a writ of prohibition here, petitioner bore the "heavy burden" of "establish[ing] a clear legal right to relief [and] that prohibition would provide a more complete and efficacious remedy than [an] administrative proceeding and resulting judicial review" (*Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation*, 14 NY3d 27, 31 [2010] [internal quotation marks and citation omitted]; *see Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y.*, 63 NY2d 793, 795 [1984]). Moreover, "prohibition does not lie as a means of seeking collateral review of [an] error of law in the administrative process, no matter how egregious that error might be 'and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power' " (*Matter of Doe v Axelrod*, 71 NY2d 484, 490 [1988], quoting *Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986] [citation omitted]).

Petitioner claims that OMIG lacks constitutional or statutory authority to audit PRIs; rather, petitioner maintains, that authority lies only with the Department, as the "single State agency" designated "to administer or to supervise the administration of the [State's Medicaid] plan" (42 USC § 1396a [a] [5]). The statute creating OMIG, however, expressly acknowledged the "single state agency" requirement and, therefore, "created [OMIG] *within the [D]epartment*" (Public Health Law § 31 [1] [emphasis added]). The statute further provides that OMIG is the office of the Department that is to "be responsible for the [D]epartment's duties as the single state agency with respect to" Medicaid fraud and abuse, and recovery of improperly expended Medicaid funds, "includ[ing] but not . . . limited to [the] medical assistance program audit functions" of the Department that were transferred from the former Department of Social Services (Public Health Law § 31 [1]; *see Matter of Blossom View Nursing Home v Novello*, 4 NY3d at 591-592).

In that capacity, OMIG is authorized "to require and compel the production of such books, papers, records and documents as . . . deem[ed] to be relevant or material to an investigation, examination or review" (Public Health Law § 32 [9]) and "to examine and copy or remove documents or records *of any kind* related to the medical assistance program or necessary for the

inspector to perform its duties and responsibilities" (Public Health Law § 32 [10] [emphasis added]). With respect to OMIG's audit function specifically, the statute directs OMIG "to review and audit contracts, cost reports, claims, bills and *all other expenditures of medical assistance program funds* to determine compliance with applicable federal and state laws and regulations" (Public Health Law § 32 [14] [emphasis added]). As OMIG concedes, PRIs are not fiscal and statistical reports, or cost reports (*see Matter of Blossom View Nursing Home v Novello*, 4 NY3d at 594). Nevertheless, while petitioner asserts that it is only the Department that has been given express statutory authorization to audit PRIs—i.e., "patient classifications"—in connection with rate-setting (*see* Public Health Law § 2808 [2-b] [b] [ii]), PRIs "significantly influence a facility's Medicaid reimbursement rate" (*Matter of Blossom View Nursing Home v Novello*, 4 NY3d at 594).

Inasmuch as PRIs are therefore directly related to reimbursement rates and implicate the "expenditure[ ] of medical assistance program funds" (Public Health Law § 32 [14]), petitioner has not established the clear legal right to relief required for a writ of prohibition preventing OMIG from auditing PRIs. Moreover, although petitioner argues that the statutory grant to OMIG of independent authority to audit PRIs amounts to a violation of the single state agency requirement, OMIG was created as an office "within" the Department that would be responsible for certain duties that had been legislatively assigned to the Department (*see* Public Health Law § 31 [1]). Indeed, OMIG concedes that it remains under the Department's supervision, that providers are entitled to Department review of OMIG determinations, and that the Department has the authority to overturn or modify OMIG audit disallowances (*see* 18 NYCRR 519.4; *see also* 519.23).

Accordingly, petitioner has not demonstrated that OMIG has acted in excess of its jurisdiction, or violated or misapplied its enabling statute (*see Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation*, 14 NY3d at 31-32; *Matter of Schmitt v Skovira*, 53 AD3d 918, 921-922 [2008]). Rather, petitioner's arguments amount to claims that OMIG acted arbitrarily and capriciously in disregarding regulatory requirements, or that OMIG's interpretation of the Public Health Law as providing that it is not bound by the Department's regulations regarding the methodology of auditing of PRIs is affected by an error of law. Inasmuch as such claims must be raised in a CPLR article 78 proceeding following a final agency determina-

tion (see CPLR 7803 [3]; *Matter of Doe v Axelrod*, 71 NY2d at 490),* Supreme Court properly dismissed the petition.

Petitioner's remaining arguments have been considered and found to lack merit.

Rose, Spain, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Similarly, to the extent that petitioner challenges OMIG's audit as barred by the prior satisfactory audits performed by the Department, its claim must be raised in a CPLR article 78 proceeding (see *Matter of Camp Scatico v Columbia County Dept. of Health*, 277 AD2d 689, 689-690 [2000]; *Matter of Djavaheri v Axelrod*, 119 AD2d 967 [1986]).