# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**266**
**CA 13-01416**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF U.S. ENERGY DEVELOPMENT CORP.,
PETITIONER-PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, JOSEPH MARTENS, IN HIS OFFICIAL
CAPACITY AS COMMISSIONER OF DEPARTMENT OF
ENVIRONMENTAL CONSERVATION, MAUREEN A. BRADY, IN
HER OFFICIAL CAPACITY AS REGIONAL ATTORNEY FOR
DEPARTMENT OF ENVIRONMENTAL CONSERVATION, AND
ERIC SCHNEIDERMAN, IN HIS CAPACITY AS NEW YORK
STATE ATTORNEY GENERAL, RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PHILIP BEIN OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 26, 2012 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment granted respondents-defendants' motion to dismiss.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this combined CPLR article 78 proceeding in the nature of prohibition and action for a declaratory judgment (hereafter, proceeding), petitioner-plaintiff (petitioner) appeals from a judgment granting the motion of respondents-defendants (respondents) to dismiss the petition/complaint. As a preliminary matter, we note that petitioner on appeal has abandoned its action for a declaratory judgment (*see Katz 737 Corp. v Cohen*, 104 AD3d 144, 148, *lv denied* 21 NY3d 864; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Petitioner, a New York corporation with its headquarters in Erie County, conducts oil and gas operations in Pennsylvania, in the Allegheny National Forest, near the border of New York State and New York's Allegany State Park, on land owned by the United States Government/Forest Service. Beginning in 2010, personnel of the New York State Office of Parks, Recreation, and Historic Preservation reported pollution, including turbidity, color change, and suspended

sediment, in New York's Yeager Brook, downstream from and caused by petitioner's operations in Pennsylvania, in contravention of New York's water quality standards. Subsequently, the New York State Department of Environmental Conservation (DEC) entered into two consent orders with petitioner concerning the aforementioned pollution. Because of alleged continued and ongoing violations, the DEC commenced an administrative proceeding in New York seeking to enforce the consent orders and the penalties for the violations thereof. Petitioner commenced the instant proceeding contending, inter alia, that the DEC is acting in excess of its jurisdiction because the federal Clean Water Act ([CWA] 33 USC § 1251 *et seq.*) preempts the application of an affected state's laws and regulations to an out-of-state point source (*see International Paper Co. v Ouellette*, 479 US 481, 497).

As the party seeking a writ of prohibition, petitioner bears a "heavy burden" of establishing a "clear legal right to relief or that prohibition would provide a more complete and efficacious remedy than the administrative proceeding and resulting judicial review" (*Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation*, 14 NY3d 27, 31 [internal quotation marks omitted]; *see Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y.*, 63 NY2d 793, 795; *Matter of Doorley v DeMarco*, 106 AD3d 27, 34). We conclude that respondents in support of their motion to dismiss established as a matter of law that petitioner could not meet that burden, and Supreme Court therefore properly granted the motion. The DEC had the statutory authority and jurisdiction to enter into the consent orders at issue and to commence the administrative proceeding to enforce those orders (*see* ECL 17-0303 [2], [4] [a], [b]; [5] [a]; *see also* ECL 17-0105 [1]; ECL 17-0501). Petitioner has failed to establish in this proceeding that the DEC's exercise of such authority and jurisdiction is clearly preempted by the CWA, inasmuch as it has not shown that enforcement of the consent orders would "stand[] as an obstacle to the full implementation of the CWA" (*International Paper Co.*, 479 US at 494 [internal quotation marks omitted]). Moreover, the preemptive effect of the CWA "should be determined, in the first instance, through the administrative process" (*Chasm Hydro, Inc.*, 14 NY3d at 32). "[E]ven as to a clearly ultra vires act, prohibition does not lie against an administrative agency if another avenue of judicial review is available, absent a demonstration of irreparable injury to the applicant if [it] is relegated to such other course" (*City of Newburgh*, 63 NY2d at 795; *see Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786). No such irreparable injury has been demonstrated here.

Finally, petitioner's contention that the DEC is proceeding in excess of its jurisdiction based on federalism principles is unpreserved for our review (*see generally Matter of Attorney Gen. of State of N.Y. v Firetog*, 94 NY2d 477, 484; *Cepeda v Coughlin*, 128 AD2d 995, 997, *lv denied* 70 NY2d 602), and we therefore do not address it (*see Mazurek v Home Depot U.S.A*, 303 AD2d 960, 961).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court