[998 NYS2d 835]

EMPIRE WINE & SPIRITS LLC et al., Plaintiffs/Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Defendant/Respondent.

Supreme Court, Albany County, November 18, 2014

APPEARANCES OF COUNSEL

*Eric T. Schneiderman, Attorney General*, Albany (*James B. McGowan* of counsel), for defendant/respondent.

*Whiteman Osterman & Hanna LLP*, Albany (*William S. Nolan* and *Nicholas J. Faso* of counsel), for plaintiffs/petitioners.

## OPINION OF THE COURT

George B. Ceresia, Jr., J.

Plaintiff/petitioner Bradley A. Junco (petitioner) holds a license issued by the defendant/respondent (respondent) to operate a liquor store under the name "Empire Wine & Spirits, LLC" in Albany County, New York. The respondent has commenced an administrative proceeding to revoke the petitioner's license by reason that the petitioners are selling alcoholic beverages to out-of-state purchasers, allegedly in violation of the laws of the vendee's state. The petitioners, in turn, have commenced the above-captioned combined action/proceeding for relief under CPLR article 78 (as well as declaratory and injunctive relief) to prohibit the respondent from moving forward with the administrative proceeding. The petition/complaint sets forth three causes: that the respondent's actions violate the Commerce Clause and 21st Amendment of the United States Constitution; that the actions of the respondent are ultra vires; and that the regulation pursuant to which the respondent is proceeding (9 NYCRR 53.1 [n]) is unconstitutionally

vague. As part of their application, the petitioners seek a preliminary injunction to stay the administrative proceeding. The petitioners maintain that the respondent has exceeded its authority by reason that it lacks jurisdiction to regulate the shipment of wine to out-of-state customers. In so doing, it is argued, the respondent is interfering with interstate commerce, and respondent's actions are ultra vires. The petitioners also argue that the regulation under which the respondent is proceeding (9 NYCRR 53.1 [n]) is unconstitutionally vague by reason that there is no definition of the term "improper conduct."

The respondent has made a motion to dismiss on three grounds: that the court lacks subject-matter jurisdiction; that the petitioners have failed to exhaust their administrative remedies; and that the petition/complaint fails to state a cause of action. Among the arguments advanced by the respondent, it maintains that the remedy of prohibition does not lie; and that petitioners' constitutional arguments have no merit and are premature. The respondent also opposes the grant of any interim relief.

"A petition seeking article 78 relief in the nature of prohibition should be granted upon a showing that a 'body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction'" (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 361 [2008], quoting CPLR 7803 [2]; *see also Matter of HCI Distrib., Inc. v New York State Police, Troop B Commander*, 110 AD3d 1297, 1298 [3d Dept 2013]; *Matter of New York State Health Facilities Assn., Inc. v Sheehan*, 100 AD3d 1086, 1087 [3d Dept 2012], *lv denied* 21 NY3d 853 [2013]; *Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation*, 14 NY3d 27, 29 [2010]; *Matter of Raheem v New York State Bd. of Parole*, 66 AD3d 1270, 1270-1271 [3d Dept 2009]). "[S]uch relief is extraordinary and should only be granted in limited circumstances" (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d at 361 [internal quotation marks and citation omitted]). It may only be granted where there is a clear right to the relief requested (*see id.*; *Matter of Raheem v New York State Bd. of Parole*, 66 AD3d 1270, 1270-1271 [3d Dept 2009]).

Alcoholic Beverage Control Law § 17, entitled "Powers of the authority," recites in part as follows: "The authority shall have the following functions, powers and duties: . . . 3. To revoke, cancel or suspend for cause any license or permit is-

sued under this chapter and/or to impose a civil penalty for cause against any holder of a license or permit issued pursuant to this chapter." Alcoholic Beverage Control Law § 118, entitled "Revocation of licenses for cause," recites, in part, as follows: "1. Any license or permit issued pursuant to this chapter may be revoked, cancelled, suspended and/or subjected to the imposition of a civil penalty for cause." The regulation at issue, 9 NYCRR 53.1, recites:

"Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, cancelled or suspended for the following causes:
. . .

"(n) For improper conduct by the licensee or permittee, and if a corporation, by an officer, director or person directly or indirectly owning or controlling 10 percent or more of its stock, or an officer, director or person directly or indirectly owning or controlling 10 percent or more of the stock of any parent, affiliate or subsidiary of such licensed corporation, whether such conduct was on or off the licensed premises, and which conduct is of such nature that if known to the authority, the authority, in its discretion, could properly deny the issuance of a permit or license or any renewal thereof because of the unsatisfactory character and/or fitness of such person."

The court observes that the term "for cause" has been held not to be vague (*see Friedman v State of New York*, 24 NY2d 528, 539-541 [1969] [involving removal of a state supreme court judge "for cause"]; *see also Matter of Gold v Lomenzo*, 35 AD2d 1054, 1055 [3d Dept 1970] [which makes the same observation, where a real estate broker was suspended for "demonstrated untrustworthiness"]). The instant situation, involving the term "improper conduct" as used in 9 NYCRR 53.1 (n), is not so dissimilar, as to remove it from application of *Friedman* and *Gold*. This is particularly so where, as here, Alcoholic Beverage Control Law §§ 17 and 118 authorize revocation of a license "for cause." In this respect, the improper conduct which serves as the basis of a license sanction under the regulation will need to be of such a character and quality that it supports a finding of "cause" under Alcoholic Beverage Control Law §§ 17 and 118. If such conduct does not rise to that level, the petitioners will have the ability to seek review of any adverse determination, pursuant to CPLR 7803 (4). On its face, the court is of

the view that the respondent possesses abundant statutory authority to commence and maintain a license revocation proceeding.

That being said, the court is mindful that the petitioners, as noted, maintain that the respondent has exceeded its authority through its violation of the Commerce Clause (*see* US Const, art I, § 8, cl 3). The petitioners rely heavily upon the case of *Brown-Forman Distillers Corp. v New York State Liquor Authority* (476 US 573 [1986]). In that case, the United States Supreme Court struck down a provision of the New York State Alcoholic Beverage Control Law which required distillers to file a monthly price schedule with the New York State Liquor Authority. Distillers were also required to file an affirmation which stated that the prices they charged in New York were no higher than the lowest price such beverage item would be sold by the distiller to any wholesaler in any other state of the United States. Violation of the statute could lead to revocation of the distiller's New York license and forfeiture of its bond. The Supreme Court found that the requirement violated the Commerce Clause by reason that its practical effect was to regulate prices in sister states, since a distiller could not reduce its price in another state without jeopardizing its license in New York. In the court's view the *Brown-Forman Distillers Corp.* case has not been shown to have any application to the case at bar.

The instant case has similarities to *Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation* (14 NY3d 27 [2010]). There, the New York State Department of Environmental Conservation (DEC) commenced an administrative enforcement proceeding against the owners/operators of a hydroelectric dam, which was licenced pursuant to the Federal Power Act and the Federal Energy Regulatory Commission. The proceeding alleged violations of the Environmental Conservation Law and DEC regulations with respect to discharge of sediment (and other contaminants) into a stream. The owners/operators commenced a CPLR article 78 proceeding in the nature of prohibition to enjoin DEC's actions as "extra-jurisdictional." (*Id.* at 31.) The petitioners contended that DEC's authority over a federally regulated dam was preempted by federal law and that DEC was therefore proceeding in excess of its jurisdiction. The Court of Appeals stated:

> "We conclude that petitioners have failed to meet their heavy burden, as they have not established a

clear legal right to relief or that prohibition would provide a 'more complete and efficacious remedy' than the administrative proceeding and resulting judicial review (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]; *accord Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y.*, 63 NY2d 793, 795 [1984] ['prohibition does not lie against an administrative agency if another avenue of judicial review is available, absent a demonstration of irreparable injury to the applicant']).

"Petitioners have not clearly established that DEC's enforcement action is in excess of its jurisdiction. Whether these causes of action fall within the State's power to 'determine[ ] that construction and operation of the project as planned would be inconsistent with one of the designated uses' of the water (*PUD No. 1 of Jefferson Cty. v Washington Dept. of Ecology*, 511 US 700, 714 [1994]) should be determined, in the first instance, through the administrative process. In addition to the issues raised before this Court, the administrative proceeding should address whether the dam, as an exempt project, should be treated the same as a licensed project for the purpose of preemption analysis." (*Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation* at 31-32.)

In view of the statutory authority set forth above (Alcoholic Beverage Control Law §§ 17, 118) the court finds that the petitioners have failed to allege facts sufficient to demonstrate that respondent is proceeding in excess of its jurisdiction and/or that the petitioners possess a clear right to a writ of prohibition. For this reason, respondent's motion to dismiss must be granted (*see Matter of Doe v Axelrod*, 71 NY2d 484 [1988]; *Doe v Novello*, 39 AD3d 1168, 1169 [4th Dept 2007]).

■ The court further concludes that the petition/complaint must be dismissed by reason that the petitioners have failed to exhaust their administrative remedies (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978], citing *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]; *see also Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038 [2012]; *Matter of East Lake George House Mar. v Lake George Park Commn.*, 69 AD3d 1069, 1070 [3d Dept 2010]; *Matter of Connor v Town of Niskayuna*, 82 AD3d 1329, 1330-1331 [3d Dept 2011]; *Matter of Connerton v Ryan*, 86 AD3d

698, 699-700 [3d Dept 2011]). The court finds that the petitioners have not demonstrated an exception to the foregoing doctrine. Specifically, they have not shown that the respondent is acting wholly beyond its grant of power; that resort to an administrative remedy would be futile; or that pursuit of an administrative remedy would cause irreparable injury[1] (*see Watergate II Apts. v Buffalo Sewer Auth.*). The mere assertion of a constitutional violation does not excuse a party from pursuing available administrative remedies (*Matter of Connerton v Ryan*, 86 AD3d 698, 699-700 [3d Dept 2011]; *Matter of Sabino v DiNapoli*, 90 AD3d 1392, 1393-1394 [3d Dept 2011]). Here, facts must be developed at a hearing to establish the nature and extent of any alleged violation of sister state laws, and any alleged infringement of the Commerce Clause. Ordinarily, " '[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm' " (*Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2d Dept 2010], quoting *EdCia Corp. v McCormack*, 44 AD3d 991, 994 [2d Dept 2007]). Because any harm caused by the alleged excess of power by respondent would primarily be economic, petitioners have not alleged that they could not be made whole by way of a civil claim for monetary damages (*see Matter of HCI Distrib., Inc. v New York State Police, Troop B Commander*, 110 AD3d 1297, 1299 [3d Dept 2013]). Nor have the petitioners alleged facts sufficient to demonstrate that a hearing conducted before an administrative law judge would be futile (*see Matter of Sabino v DiNapoli* at 1394). The court finds that none of the exceptions to the exhaustion rule have been shown to apply, and therefore the instant action/proceeding must also be dismissed on grounds of failure of the petitioners to exhaust their administrative remedies.

To the extent that the petitioners seek a permanent injunction (assuming that this remedy is distinguishable from a writ of prohibition), for the reasons set forth above, the court finds that the petitioners have not alleged either irreparable injury, or the absence of an adequate remedy at law (*see McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 525 [3d Dept 2001]; *McDermott v City of Albany*, 309 AD2d 1004, 1005 [3d

---

1. The irreparable injury here is said to be the loss of revenue, and loss of petitioners' license to operate a liquor store. Petitioners' argument, carried to its logical conclusion, would eliminate any requirement, in a license revocation proceeding, that the licensee exhaust his or her administrative remedies before resort to the courts.

Dept 2003]). As such the petition/complaint fails to state a cause of action.

With regard to petitioners' request for declaratory relief, the court is of the view that the matter is not ripe for review, since further administrative action may eliminate or significantly ameliorate any alleged harm (*see Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 561-562 [3d Dept 2000]; *State of New York v International Asset Recovery Corp.*, 56 AD3d 849, 853-854 [3d Dept 2008]). In addition, it is well settled that "[a] trial court may decline to entertain an action for declaratory judgment where other adequate remedies are available, such as a CPLR article 78 proceeding to challenge an administrative determination" (*Matter of Gable Transp., Inc. v State of New York*, 29 AD3d 1125, 1127-1128 [3d Dept 2006], citing *Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 62 NY2d 763, 765 [1984] and *Clarity Connect, Inc. v AT&T Corp.*, 15 AD3d 767, 767 [2005]). Here, the petitioners will have the opportunity to contest the charges at the administrative hearing, and if not successful may seek judicial review.

The court is mindful that, as pointed out by the petitioners, only 1 of the 16 administrative charges set forth in respondent's notice of pleading actually alleges a violation of a foreign state's laws (charge number 1). The remaining 15 charges allege only "improper conduct," nothing more.[2] The petitioners, however, have not advanced an argument that the notice of pleading violates petitioners' procedural right to due process (*see e.g. Matter of Mangini v Christopher*, 290 AD2d 740, 743 [3d Dept 2002]). In the court's view, the factual sufficiency of the charges should be left to be addressed within the administrative tribunal.

For all of the foregoing reasons, the court finds that respondent's motion to dismiss must be granted, and the petition/complaint dismissed.

In view of the foregoing, the court need not address petitioners' request for a preliminary injunction and/or stay under CPLR 7805, which the court finds is moot.[3]

---

**2.** Charge number 9 alleges that the petitioners "sold and shipped wine directly to a customer in Ohio in violation of Alabama's laws."

**3.** Although the petitioners repeatedly mention in their supporting papers that they are victims of selective enforcement, in their reply memorandum of law they state, "Empire has not asserted any selective enforcement claim in

Accordingly, it is ordered that the motion of the defendant/ respondent to dismiss the petition/complaint is granted; and it is ordered that the application of the plaintiffs/petitioners for a preliminary injunction and/or stay is denied; and it is ordered and adjudged that the petition/complaint be and hereby is dismissed.

---

this litigation" (*see* petitioners' reply mem of law at 7 n 1). The court finds that any such claim has been abandoned.